# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS

May 15, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
U.S. District Court
Southern District of New York
40 Foley Square New York, NY 10007

> Re: *Chakma, et al, v. Sushi Katsuei Inc. et al.* 23-cv-7804 (KPF)

We represent Plaintiffs in the above-referenced matter. We write to respectfully request that the Court grant Plaintiffs leave to amend their Complaint to include the single allegation that Defendants required Plaintiffs to share tips with at least one manager, in violation of New York Labor Law § 196-d. Plaintiffs' request is predicated on information learned for the first time at Defendants' depositions earlier this week. The Court originally set a February 11, 2024 deadline to amend absent good cause. *See* ECF No. 23. As described below, there is good cause for the late amendment as Plaintiffs were unable to learn of the need to amend due to Defendants actively stonewalling discovery.

## I. The Court Should Grant Plaintiffs Leave to File an Amended Complaint

In their Interrogatories, Plaintiffs asked Defendants to identify all individuals who worked in a tipped position at Sushi Katsuei during the liability period. In response, Defendants identified only four individuals who worked at Sushi Katsuei in Brooklyn.[1] In addition, Plaintiffs served discovery requests requesting any records identifying to whom any tips were distributed.[2] Plaintiffs did not receive tip distribution records until late April 2024. On Defendants' tip records, there is a note of individual identified only with the letter "M" receiving tips form the restaurants' tip pool. At deposition earlier this week, Defendant Win testified that there was an individual named "Maya" who worked as a tipped employee, and the letter "M" refers to her. Prior to the deposition, Defendants did not produce any records of tips being paid out to Maya despite Plaintiffs' request that they receive all payroll records reflecting the distribution of tips. Prior to the depositions, Plaintiffs were unaware that Maya received part of the credit card tips left by customers. Plaintiffs are uniformly prepared to testify that this individual managed all aspects of the operations at Sushi Katsuei, including interviewing, hiring, firing and scheduling employees and that she was thus ineligible to receive tips. *See, e.g., Murphy v. Lajaunie*, No. 13-CV-6503 (RJS)(SN), 2018 U.S. Dist. LEXIS 221462, at *22-23 (S.D.N.Y. Feb. 2, 2018) ("Under § 196-d, employers are prohibited 'from requiring tipped employees to share tips with . . . employees who are managers or agent[s] of the employer.'") (quoting *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 240 (2d Cir. 2011)); *see also* N.Y. Lab. Law § 198(1-a) (allowing an "employee to recover the full amount of any underpayment" for a violation of § 196-d).

---

[1] *See* Defendants' responses to Interrogatory No. 1 of Plaintiffs' Interrogatories attached hereto as "Exhibit A."
[2] *See* Request For Production No. 24 in Defendants' Responses and Objections to Plaintiffs' Requests for the Production of Documents attached hereto as "Exhibit B."

Fed. R. Civ. P. 15(a) provides that a party should be freely given leave to amend its pleadings when justice so requires. Where, as here, a party seeks to amend a pleading after the deadline to do so set in a scheduling order, a court conducts a two-stage analysis. The court first determines, pursuant to Fed. R. Civ. P. 16(b), whether there is "good cause" to modify the scheduling order and permit an amended pleading. *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000). If there is good cause, a court then decides under Fed. R. Civ. P. 15(a) whether to permit the amended pleading. *Lincoln v. Potter*, 418 F. Supp. 2d 443, 453-54 (S.D.N.Y. 2006). "Under Rule 16(b), a party may obtain a modification of the scheduling order only 'upon a showing of good cause.'" *Kassner v. 2nd Ave. Deli., Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Factors relevant to good cause include "whether the moving party can demonstrate diligence" and "whether allowing the amendment of the pleading at this stage of the litigation will prejudice" the non-moving party. *Id.* at 244.

Here, good cause is satisfied, and the amendment should be permitted. Defendants' concealed the fact that Maya received tips at Sushi Katsuei. Specifically, they (a) did not identify her in the Interrogatory responses, (b) did not produce actual tip records until late April, and even then, the records to not clearly identify Maya, and (c) did not produce payroll records, such as wage statements, reflecting tip distributions to Maya. Had Defendants complied with their obligations to respond to discovery—which should have been done in early January 2024—Plaintiffs would have immediately asked to amend the complaint and that would have taken place before the February 11, 2024 deadline to amend. ECF No. 23. However, Plaintiffs only discovered this information two days ago and, under these circumstances, Plaintiffs could not have been more diligent. *See, e.g., Cardwell v. Davis Polk & Wardwell LLP*, 2021 U.S. Dist. LEXIS 183277, at *121-22 (S.D.N.Y. Sep. 23, 2021) ("Facts learned during discovery that a plaintiff could not reasonably have known prior to the deadline to amend can demonstrate diligence."); *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 148-49 (S.D.N.Y. 2012) (finding diligence and allowing amendment in light of facts learned during discovery); *Permatex, Inc. v. Loctite Corp.,* 2004 U.S. Dist. LEXIS 10953, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (holding that the Plaintiff exhibited diligence by moving to amend less than two months after deposition that brought new information to light).

In terms of the Rule 16(b) good cause requirement, Defendants will not be prejudiced by this amendment as the only additional information Plaintiffs require are the production of Maya's pay records and her deposition, both of which can be easily accomplished if the Court grants Plaintiffs' pending request for an extension of the discovery deadline. (To be sure, some of Maya's payroll records may have already been produced yesterday however we have not yet had the chance to confirm whether that is the case.) Accordingly, for all these reasons, the Court should grant Plaintiffs leave to amend their Complaint or, if the Court requires a formal motion, grant them leave to file a motion to amend.

We thank the Court for its attention to this matter.

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS

**JOSEPH & KIRSCHENBAUM LLP**

   /s/*Josef Nussbaum*

D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)