


# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

May 20, 2024

Diana Y. Seo, Esq.
Tel: (718) 500-3341
Email: diana!@seolawgroup.com

<u>**VIA ECF**</u>
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

        Re:   <u>**Chakma, et al. v. Sushi Katsuei, Inc, et al.**</u>
               Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

      This office represents all the Defendants in the above referenced matter. Pursuant to Your Honor's Induvial Rules 2(C), I write in response to Plaintiffs' letter motion requesting leave to amend the Complaint 8 months after Plaintiffs filed their original Complaint. (See, ECF 28).

      Plaintiffs filed their Complaint on September 1, 2023. (See, Dkt No. 1). Defendants filed their Answer on October 26, 2023 after the Parties stipulated to extend Defendants' time to answer. (See, Dkt No. 15). On January 12, 2024, this Court entered a Scheduling Order. (See, Dkt No. 23). Pursuant to the Scheduling Order, all fact discovery was supposed to be completed no later than April 10, 2024. (See, Id.). On April 2, 2024, Plaintiffs' counsel requested an extension of time to complete discovery, and the Court allowed the Parties to complete discovery by May 16, 2024. (See, Dkt Nos. 25, 26). On May 15, 2024, Defendants filed a letter motion to have additional 4 weeks to complete the Parties' deposition. To date, two (2) of the Plaintiffs' depositions were not completed due to their and/or their counsel's inability to participate in their depositions within the deadline[1]. Defendants agreed to produce the newly located documents and/or all of the remaining documents[2] within the agreed-upon time period.

      On or about May 14, 2024, Counsel for each Party met and conferred via telephone to discuss Plaintiffs' intent to amend the Complaint to assert their claims against Ms. "Maya," *primarily* based on the content of the three (3) Plaintiffs' depositions conducted during the second

---

[1] During the meet and confer telephone conference, the remaining 2 plaintiffs, Suloy Tripora and Tiyanit Kaewpan, agreed to participate in their depositions on May 21, 2024 and May 23, 2024.

[2] Counsel notes to the Court that Defendants have already produced more than 10,000 pages to the Plaintiffs' counsel. To do the nature and/or volume of the documents, Defendants require additional time to supplement their response to Plaintiffs' document demands.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

week of May 2024. During Plaintiffs' depositions, they mentioned some instances purportedly indicating the possibility that Ms. "Maya" might have been involved in the hiring of the plaintiffs [because she participated in the 3-plaintiffs' interviews]. Additionally, Defendants already produced the documents reflecting Ms. "Maya"'s working hours and pay records to Plaintiffs although they do not seem to acknowledge and/or realize their possession of such documents.

The Court must evaluate a proposed modification of the Scheduling Order under the Rule 16 good cause standard despite Defendants' failure to raise the issue. Even the agreement of the parties to modify a Scheduling Order is insufficient by itself to warrant a modification. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule[ing] [order] may be modified only for good cause and with the judge's consent.").

According to the Second Circuit, "A finding of 'good cause' depends on the diligence of the moving party." (*New Yuen Fat Garments Factory Ltd. v August Silk, Inc.*, 2009 US Dist LEXIS 45857 [SDNY June 1, 2009]) Citing, *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 340 (2d Cir. 2000). "Examples of a party's failure to be sufficiently diligent include basing a proposed amendment on information long known to the moving party." (*New Yuen Fat Garments Factory Ltd. v August Silk, Inc.*, 2009 US Dist LEXIS 45857 [SDNY June 1, 2009]) *See, also, Parker* at 341 (affirming denial of leave to amend after deadline where, at the time he initially commenced his suit, plaintiff had information sufficient to support his newly proposed breach of contract claim.).

In Plaintiffs' letter requesting such amendment, they failed to satisfy the "good cause" requirement. Plaintiffs' alleged employment happened prior to filing this lawsuit, and they had all the necessary information prior to filing this lawsuit, but they chose not to allege their purported claims against the individual when they initiated this action, 8 months ago.

Additionally, the Scheduling Order in this case specified a deadline for amendments to the pleading. According to the Scheduling Order, it specified that "Amended pleadings may not be filed and additional parties may not be joined, except with leave of the Court. Any motion to amend or to join additional parties shall be filed *within 30 days* from the date of this Order [*entered on January 12, 2024*]." (See, Para. 4 of Scheduling Order, Dkt No. 23).

As such, Plaintiffs should not be allowed to amend their complaint at this stage of the litigation. In the event that the Court allows Plaintiffs to submit their motion to amend the Complaint, Defendants respectfully request that this Court allow Defendants to file a formal opposition to their motion.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

We thank the Court for its time and continued attention to this matter.

                        Respectfully Submitted,

                        Seo Law Group, PLLC

                        By: _/s/ *Diana Seo*_
                        Diana Y. Seo, Esq.
                        *Attorneys for Defendants*

cc: All counsel of record (via ECF)