# JOSEPH & KIRSCHENBAUM LLP
### ATTORNEYS

May 15, 2024

**<u>VIA ECF</u>**



Hon. Katherine Polk Failla
United States District Judge
U.S. District Court
Southern District of New York
40 Foley Square New York, NY 10007

                Re:  *Chakma, et al, v. Sushi Katsuei Inc. et al.* **23-cv-7804 (KPF)**

Dear Judge Failla,

      We represent Plaintiffs in the above-referenced matter. For the reasons set forth below, we write to respectfully request that the Court (1) extend the discovery deadline for an additional 4 weeks – due to Defendants' failure to abide by their discovery obligations, and (2) require Defendants to immediately produce all outstanding documents. Discovery in this case is set to close on May 16, 2024, and Plaintiffs seek until June 13, 2024 to complete discovery. The Parties met and conferred earlier today and Defendants' counsel indicated that they consent to this extension request. This is Plaintiffs' first request for an extension of this deadline.

      Plaintiffs recognize that this is an eleventh-hour request and the Court stated it would not extend the discovery deadline "absent exigent circumstances." ECF No. 26. Such circumstances exist here. All of the deficiencies outlined below were only uncovered at Defendants' depositions held earlier this week and pursuant conversations with Defendants' counsel this week. In fact, in the Parties' meet and confer phone call earlier today, Defendants' counsel indicated that *she still planned to produce additional responsive documents* even though discovery is set to close tomorrow. Plaintiffs' case should not be prejudiced as a result of Defendants' failures to produce crucial documents.

    **I.**    **History of Defendants' Non-Production of Documents**

      In January 2024, the Court entered a Scheduling Order providing a fact discovery deadline of April 10, 2024. ECF No. 23. Plaintiffs served pre-certification discovery on December 6, 2023 and, at the January 16, 2024 initial conference, the Court ordered Defendants to produce "pre-certification class discovery from both [Sushi Katsuei] locations." ECF Minute Entry for 1/16/2024. On February 5, 2024, the parties met and conferred about the status of Defendants' production and Defendants' counsel represented that her clients believed they had produced all responsive information in their possession and, to the extent they had not, they would complete all production by February 16, 2024. Despite this assurance, on February 27, 2024, Defendants' counsel informed Plaintiffs that they had received additional responsive documents, and in mid-March 2024, Defendants' counsel informed Plaintiffs that Defendants anticipated producing approximately 2,000 more documents. Plaintiffs informed Defendants that they did not wish to take depositions until we had received all documents Defendants intended to produce.

### JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS

On March 20, 2024, Defendants finally produced the additional documents and the parties agreed to schedule all Defendants' depositions for April 3 and April 8, 2024. However, on March 28, 2024, Defendants suddenly informed Plaintiffs that they had located even more documents and that they would only be able to produce them within 3 weeks, *i.e.*, after the scheduled dates of Defendants' depositions and after the discovery cutoff. Accordingly, on April 2, 2024, Defendants filed a letter with the Court in which they sought an extension of discovery until May 16, 2024. That request was granted. ECF Dkt. No. 26.

On April 24 and 26, 2024, Defendants produced approximately 4,000 pages of payroll records. The Parties scheduled all Defendants' depositions for May 13 and 14, 2024. However, between May 2nd and May 8th, Defendants again produced an additional 1,100 pages of documents that it had not previously indicated were outstanding. Defendant Aung Ko Win was scheduled to appear for deposition (on behalf of himself and Defendant Royal Katsuei Inc. ("RK")) on May 13, 2024. However just *minutes* prior to the commencement of that deposition, Defendants' counsel *again* indicated that she intended to produce even more documents. The very next morning—a few hours before the other Defendants' deposition—Defendants again produced roughly 1,100 additional pages of documents that it had only one day earlier identified were outstanding. Later that day, Plaintiffs conducted the deposition of Aye Aye Swe (who appeared on behalf of herself and Defendant Sushi Katsuei Inc. ("SK," and together with RK, "Sushi Katsuei" or the "Corporate Defendants")). Needless to say, Plaintiffs' counsel did not have the opportunity to review, let alone use, any of the documents received that day at the depositions. As a result of these last minute productions, Defendants' counsel agreed that she would produce the witnesses again and Plaintiffs' counsel stated on the record at the depositions that we were leaving the depositions open pending review of the newly produced information.

## II. The Outstanding/Concealed Documents

**Tip Credit Notices** – Defendants have not produced any wage notices provided to Plaintiffs and Class Members. This is not surprising as Plaintiffs allege they did not receive such notices. *See* ECF No. 1 ("Complaint") at ¶ 38. Astonishingly, at depositions this week, both Corporate Defendants testified that they have copies of such notices in their possession and were unable to explain why these documents have not been produced in this matter.[1] Accordingly, if Defendants intend to argue that such documents exist, they (a) have blatantly failed to comply with their discovery obligations, and (b) they should be Ordered to produce such documents immediately.

**Sushi Chefs' Payroll Records** – Another central claim in the case is that 30% of Plaintiffs' tips were not distributed to them . *Id*. at ¶ 43. In the tip records Defendants produced at the end of April and at the May 13 and 14 depositions, it is clear that Defendants take the position that the amount withheld was (a) not 30%, and (b) was distributed to sushi chefs. Plaintiff's discovery requests asked Defendants to produce all payroll records reflecting the distribution of tips.[2] However, Defendants did not provide payroll records for any sushi chefs. In light of Defendants'

---

[1] To be sure, Plaintiffs sought this information in their request for production nos. 6 which is in Defendants' Responses and Objections to Plaintiffs' Requests for the Production of Documents attached hereto as "Exhibit A."
[2] See Exhibit A at Requests Nos. 24.

2

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS

recently produced discovery and their deposition testimony earlier this week, it is clear that they should have produced payroll records for sushi chefs, and they have failed to do so. To the extent Defendants continue to maintain that the money withheld was distributed to sushi chefs (or to any other employees), they should be Ordered to produce this information immediately.

**Information regarding Maya** – Defendants also actively concealed the identity of an individual who performed supervisory duties at Sushi Katsuei and who Defendants unlawfully included in the restaurants' tip pool. In their interrogatories, Plaintiffs asked Defendants to identify all individuals who worked in a tipped position at Sushi Katsuei during the liability period. In response, Defendants identified only four individuals who worked at Sushi Katsuei in Brooklyn.[3] Moreover, as outlined above, Plaintiff sought all documents to whom any tips were distributed. However, at deposition and after being confronted with tip sheets from that restaurant, Defendant Win testified that there was an individual named "Maya" who worked as a tipped employee. Until Mr. Win's deposition, Plaintiffs—who have so far all testified that they were interviewed and hired by Maya—were unaware that Maya received credit card tips at Sushi Katsuei. In any event, Defendants had not identified Maya and had not produce any payroll records for her. Had they done so, Plaintiffs would have sought Maya's deposition and ensured that they received her payroll records and documents relating to her job duties. To the extent Defendants maintain that Maya was appropriately in the tip-pool, they should be Ordered to produce this data immediately.[4]

### III. Request for Relief

Under Fed. R. Civ. P. 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A finding of "good cause" depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see also* Fed. R. Civ. P. 16 advisory committee's note (1983) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Here, until taking Defendants' depositions earlier this week, there was simply no way for Plaintiffs to know that that information outlined above was missing. Moreover, as Defendants indicated to Plaintiffs in early February that they had completed their document production, Plaintiffs could have not have reasonably been expected to know that there was still information that Defendants intends to produce. Under these circumstances, good cause exists to extend the discovery deadline for the limited purpose of allowing discovery of *Defendants only*. Finally, if the Court grants this request, Plaintiffs respectfully request that the Court Order Defendants, under penalty of sanctions, to (1) complete their document production by Tuesday May 21, 2024, (2) to meet and confer with Plaintiffs' counsel about any deficiencies in their production by Thursday May 23, 2024, and (3) to provide the full name and address for the individual identified as "Maya" at Defendant SK's deposition.

We thank the Court for its attention to this matter.

---

[3] *See* Defendants' Responses to Plaintiffs' Interrogatories attached hereto as "Exhibit B."
[4] Concurrently with this letter, Plaintiffs intend to file a letter seeking leave to amend their Complaint to include allegations that they should not have had to share tips with Maya.

JOSEPH & KIRSCHENBAUM LLP

ATTORNEYS

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

/s/*Josef Nussbaum*

D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)

---

Application GRANTED. The Court is dismayed by the parties' eleventh-hour request, and Defendants' apparent failure to manage document production in a timely matter. Defendants shall complete their document production on or before **May 21, 2024,** and the parties shall meet and confer regarding any deficiencies in Defendants' production on or before **May 23, 2024,** any of which deficiencies Defendants shall promptly resolve. Defendants shall also provide Plaintiffs with sufficient information to contact the individual identified as "Maya" at Defendant SK's deposition.

Plaintiffs, for their part, shall conduct any follow-up depositions of Defendants on or before the close of fact discovery on **June 13, 2024.** The Court will grant no further extensions of this deadline.

The post-fact discovery conference scheduled for **May 29, 2024,** is hereby ADJOURNED to **July 2, 2024,** at **2:30 p.m.** The conference will take place in Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. In connection with the required pre-conference submissions set forth in the Case Management Plan (Dkt. #23), the parties shall also submit a joint proposed briefing schedule for any anticipated motions for class and/or collective certification.

The Clerk of Court is directed to terminate the pending motion at docket entry 27.

Dated:   May 20, 2024
         New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE