# JOSEPH & KIRSCHENBAUM LLP
### ATTORNEYS

May 23, 2024

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
U.S. District Court
Southern District of New York
40 Foley Square New York, NY 10007

      Re:   *Chakma, et al, v. Sushi Katsuei Inc. et al.* 23-cv-7804 (KPF)

Dear Judge Failla,

      We represent Plaintiffs in the above-referenced matter. We write to respectfully inform the Court that Defendants have not complied with the Court's May 20, 2024 Order with respect to discovery in this matter ("May 20 Order"), Dkt. No. 30, and request related relief. Specifically, despite two extensions to the discovery deadline and an explicit Order to complete all production by May 21, 2024, Defendants have still not completed their document production. We regret the repeated letter writing to the Court on this topic, but Defendants *ad hoc* and lackadaisical approach to their discovery obligations and the Court's orders have made it impossible for Plaintiffs to efficiently conduct discovery in this case. For example, we have several times received highly relevant documents either moments before or even after depositions, and thus will require more deposition testimony as to those documents. Further, Plaintiffs are hamstrung in our deposition preparation, as Defendants are *still* producing additional relevant data.

      We also write to respectfully request that the Court order Defendants to pay for Plaintiffs' attorneys fees and costs that will be incurred as a result of Defendants' late production of payroll records and tip credit notices after all Defendants in this case have already been deposed.

      **I.**    **Defendants Failed to Comply with the May 20 Order**

      Earlier this week on May 20, the Court Ordered Defendants to "complete their document production on or before May 21, 2024 […]." Dkt No. 30. The Court further Ordered, "and the parties shall meet and confer regarding any deficiencies in Defendants' production on or before May 23, 2024, any of which deficiencies Defendants shall promptly resolve." *Id*. In addition, the Court Ordered Defendants to provide Plaintiffs with sufficient information to contact the individual identified as "Maya" at Defendants' deposition. Given these new deadlines, the Court extended fact discovery until June 16, 2024. *Id*. As outlined below, Defendants failed to comply with this Order. Defendants' dilatory tactics are hindering Plaintiffs' ability to properly litigate their case and to meet the Court Ordered discovery cutoff.

      Despite the May 20 Order, Defendants did not produce any additional information by the May 21, 2024 deadline. However, earlier today—two days after the deadline, Defendants produced a handful of purported tip credit notices. The parties met and conferred earlier this afternoon, and Defendants indicated that they intended to produce *yet another* set of purported tip credit notices,

and that they may in the future produce additional responsive documents. Defendants would not commit to a firm date by which their document production be completed. During the meet and confer, Plaintiffs highlighted that Defendants (a) had still not produce wage statements they issued to all sushi chefs employed during the limitations period, and (b) did not produce all payroll records for an alleged manager identified as "Maya." (To be sure, Plaintiffs already raised this issue in a meet and confer with Defendants last week and also highlighted it in our most recent letter to the Court about discovery.) Defense counsel indicated that they had produced some payroll records for sushi chefs and for Maya and that they would identify those records by the close of business today. Nevertheless, we have not heard back from Defendants about these issues. Moreover, despite the Court's clear Order to provide contact information for Maya, Defendants have still not done so.

In short, despite two discovery extensions due to Defendants' failure to produce documents that were due months ago, Plaintiffs still do not have Defendants' complete production. Defendants' inability to tell Plaintiffs what they plan to produce in this case and when they plan to produce it has made it virtually impossible for Plaintiffs to assess the full discovery record and to properly meet and confer about any potential deficiencies in Defendants' discovery. Moreover, the two deficiencies Plaintiffs have identified—sushi chefs' and Maya's payroll records—have not been cured.

Plaintiffs respectfully request that the Court Order Defendants to complete their production, including the production of all sushi chef's payroll records and all of Maya's payroll records, by Tuesday May 28, 2024 under penalty of sanctions that any documents not produced by that date may be precluded and/or subject to a negative inference at summary judgment and/or trial. To the extent that Defendants claim to have already produced these documents, Defendants should be similarly ordered to identify which documents they believe are responsive to Plaintiffs' request. Plaintiffs respectfully request that the Court Order Defendants to meet and confer no later than May 30, 2024 about any deficiencies in their production.

## II. The Court Should Order Defendants to Pay Plaintiffs Fees and Costs Associated in Re-Deposing Defendants

As outlined in Plaintiffs' May 15, 2024 letter to the Court (Dkt. No. 27), all Defendants were deposed on May 13 and 14, 2024. Just about a half an hour prior to the commencement of the May 13 deposition, Defendants' counsel indicated that she intended to produce additional documents and the very next morning—just hours before the other Defendants' deposition—Defendants produced roughly 1,100 additional pages of payroll documents. As outlined above, Defendants produced additional documents earlier today and stated that they plan to produce even more documents. Needless to say, Plaintiffs' counsel did not have the opportunity to review, let alone use, any of these documents at the depositions. Given these thirteenth-hour productions, Defendants' counsel agreed to produce all Defendants to be deposed again. However, since the need for the renewed depositions are completely due to Defendants' failure to timely produce documents, Plaintiffs respectfully request that the Court Order Defendants to pay Plaintiffs' fees and costs associated with preparing for and taking these depositions. *See, e.g., Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 U.S. Dist. LEXIS 118215, at *14 (E.D.N.Y. June 24, 2021) ("As the need for Mr. McCarthy's second deposition stems solely from defendants'

violations, plaintiff should not have to bear the costs of defendants' noncompliance."); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 437-38 (S.D.N.Y. 2004) (ordering the party that failed to produce documents relevant to a deposition prior to the deposition to pay the "costs of any depositions or re-depositions required by the late production. . . . [and] the costs of this motion."); *Ali v. Dainese USA, Inc*., 577 F. Supp. 3d 205, 228 (S.D.N.Y. 2021) (ordering party's reasonable fees and costs associated in re-deposing witnesses about improperly withheld prior to the deposition) (Failla J.). If this request is granted, Plaintiffs are prepared to submit a formal fee application within two weeks after the conclusion of the depositions discovery.

### III. The Court should Order Defendants to Pay Plaintiffs' Fees Incurred in Making the Instant Application

As a final matter, the Court should also Order Defendants to pay Plaintiffs' counsel's fees incurred in seeking compliance with the Court's discovery Orders and making this and the previous applications. Rule 37(a)(5)(A) states that a court must "require the party . . . whose conduct necessitated [a] motion [to compel discovery] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(b)(2)(C) states that in addition to sanctions for failure to comply with a court order, a court "must order the disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Ali, Inc*., 577 F. Supp. 3d 205, 218 (Failla J.). Moreover, as the Second Circuit has explained, "a party that disregards its [discovery] obligations […] imposes costs on its adversary that would never been incurred had the party complied with its obligations in the first instance[,]" and an award of monetary sanctions compensates the adversary "for costs it should not have had to bear." *Klipsch Grp., Inc. v. ePro E-Com. Ltd.*, 880 F.3d 620, 634 (2d Cir. 2018). Here, Defendants' failure to abide by the Court's scheduling Orders forced Plaintiffs to incur fees it would not have had to otherwise bear. Accordingly, Plaintiffs respectfully request that the Court Order Defendants to pay their fees associated with this application. See, e.g., *Ali, Inc*., 577 F. Supp. 3d 205, 218 (awarding attorneys' fees associated with filing letter due to adversaries failure to abide by scheduling orders) (Failla J.).

We thank the Court for its attention to this matter.

JOSEPH & KIRSCHENBAUM LLP

ATTORNEYS

  Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

  /s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)