

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

June 4, 2024

Diana Y. Seo, Esq.
Tel: (718) 500-3341
Email: diana!@seolawgroup.com

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
             Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

      This office represents all the Defendants in the above referenced matter. I write to submit a response to Plaintiffs' Letter motion filed on May 23, 2024. (Dkt No. 31).

      On May 23, 2024, Plaintiffs wrote a letter to the Court informing that Defendants have not complied with the Court's May 2020 Order and represented that Defendants' belayed production of the documents caused them "impossible for Plaintiffs to efficiently conduct discovery in this case." Plaintiffs also stated that they will "require more deposition testimony as to those documents." (See, Dkt No. 31). Plaintiff further stated that they write the letter to the Court to pay for Plaintiffs' attorneys fees and costs that "will be incurred" as a result of Defendants' late production of the remaining documents that Defendants already produced during the course of discovery.

      Defendants acknowledge that they were ordered to complete their production of documents on or before May 21, 2024 pursuant to the Court's May 20, 2024 Order. Counsel for Defendants apologizes to the Court of Defendants' inability to complete production of documents by the deadline ordered by the Court. Counsel was informed that Defendants have been dealing with their family member's medical issues that might have caused their inability to focus on gathering all the documents on time. Counsel was also informed that one of the Defendants' father eventually passed away due to the illness in or around late April or early May, 2024. Defendants were unable to focus on their daily activities as they had to deal with getting a visa and arranging an out of country travel to take care of their family members.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

Despite that Defendants made diligent effort to comply with the Court's Order to complete their production of the documents, Defendants *again* apologizes to the Court that they were unable to complete their production of the documents. To date, Defendants produced in total, 10359 pages of the documents, including the wage notice, paystubs, and most of the third-party, Ms. "Maya"'s paystubs. Counsel anticipates receiving a portion of the remaining documents (e.g., Ms. "Maya's" paystub reflecting the periods between September 2017 and December 2017 and August 2023 until the present date) by June 10, 2024; and the remaining restaurants' workers' paystubs by June 21, 2024. Theses anticipated deadlines were communicated to Plaintiffs' Counsel, and Counsel for Defendants also informed Plaintiffs' Counsel of her ability to produce Ms. "Maya" to participate in her deposition to minimize the unnecessary costs and expenses that Plaintiffs would have incurred to arrange a third-party deposition of Ms. "Maya."

In Plaintiffs' letter, they requested this Court that Defendants pay Plaintiffs' fees and costs associated with the potential (re-)deposition of Defendants. Plaintiffs' reason for requesting such request was that Defendants failed to timely produce documents and as such, they need the renewed depositions. As Plaintiffs stated in the letter, Counsel for Defendants agreed to produce Defendants to attend their depositions, but Counsel disagrees that Defendants should bear the costs and pay for any expenses associated with their "renewed" depositions, in addition to other costs associated with Defendants' inability to produce the additional documents that would primarily reflect the potential putative members' paystubs.

On May 13 and 14, 2024, Defendants Aung Ko Win and Aye Aye Swe's depositions, respectively, were conducted. On each day, Defendant Win and Swe participated in their depositions for about or in excess of 6 hours, until Plaintiffs Counsel concluded their depositions after asking all of the relevant, irrelevant, and repetitive questions. Before the Defendants' depositions were conducted, Defendants already produced over 9000 pages of the documents pertaining to the named-Plaintiffs' records and other restaurants workers' records. Despite Plaintiffs' inaccurate belief that Defendants did not produce "payroll documents," Defendants, indeed, provided thousands of pages of hand-written documents reflecting the amounts of tips paid to each of the restaurants' workers who served their customers prior to Defendants' depositions. Now, Plaintiffs seek to renew Defendants' depositions at Defendants' costs only because they did not produce the "payroll documents" (aka, the "paystub") that merely summarize the amounts of the tips that the service-workers received *each week*, regardless of the fact that Plaintiffs already had the records of the amounts of *daily* tips that the workers each day.

Counsel for Defendants notes to the Court that even after all of the Plaintiffs' depositions were completed as of May 23, 2024, Plaintiffs failed to provide their verified responses to Defendants' Interrogatories served on March 13, 2024. Two of the five Plaintiffs, Kaewpan and Tripura, withheld serving their verified responses to Defendants' Interrogatories and served them last week, on May 24, 2024. Defendants' Counsel was unable to complete her depositions having all the paper discovery responses in her possession. Moreover, on May 8, 2024, *a few hours* before



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

the start of Plaintiff Primita Chakma's deposition, Plaintiffs' Counsel forwarded the Plaintiff's documents to Defendants' Counsel stating that, she "found the documents in preparing for todays' deposition." If Defendants are required to pay the costs associated with the renewed depositions, then Plaintiffs would also be required to pay the costs associated with any of the renewed deposition(s) of Plaintiff(s) that Defendants' Counsel may necessitate due to Plaintiffs' failure to produce their discovery responses and documents in a timely manner.

"In deciding which sanction to impose, courts consider: (1) the willfulness of the acts of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance." Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1 (E.D.N.Y. 2013). Noncompliance is willful "when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." In re Fosamax Prods. Liab. Litig., No. 06-MD-1789 (JFK), 2013 U.S. Dist. LEXIS 40502, 2013 WL 1176061, at *l-2 (S.D.N.Y. Mar. 21, 2013) (quoting Davis v. Artuz, No. 96-CV-7699 (GBD), 2001 U.S. Dist. LEXIS 384, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001)) (internal quotation marks omitted).

As such, Defendants' respectfully request this Court to complete production of *all* of the documents by June 21, 2024, and deny Plaintiffs' requests for sanctions and the costs associated with the anticipate (re-)deposition of Defendants.

We thank the Court for its time and continued attention to this matter.

Respectfully Submitted,

Seo Law Group, PLLC

By: __/s/ *Diana Seo*__
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)