

# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

August 16, 2024

Diana Seo, Esq.
Tel: (718) 500-3340
Fax: (718) 504-6987
Email: diana@seolawgroup.com

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

> **Re:** **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
> Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

This office represents Defendants in the above referenced matter. in the above-referenced matter. Pursuant to the Court's July 2, 2024 Order, Counsel writes to file an opposition to Plaintiffs' motion seeking leave to amend the Complaint on May 15, 2024. (See, Dkt No. 28).

Plaintiffs' purported motion failed to include any "good cause" for Plaintiffs' inability to raise this issue until 1-year after they filed the Complaint and again, within the time allowed to Plaintiffs to seek  leave to amend the Complaint after they initiated this action.

I.     **Procedural History – Plaintiffs Time to File a Motion to Amend Has Already Passed**

Plaintiffs filed their Complaint on September 1, 2023. (See, Dkt No. 1). Defendants filed their Answer on October 26, 2023 after the Parties stipulated to extend Defendants' time to answer. (See, Dkt No. 15). On January 12, 2024, this Court entered a Scheduling Order. (See, Dkt No. 23). Pursuant to the Scheduling Order, it specifies that any motion to amend or to join additional parties shall be filed *within 30 days* (e.g., by February 11, 2024) from the date that the January 12, 2024 Order was entered. (See, Id.).

On May 15, 2024, more than 3 months after Plaintiffs' deadline to file a motion to amend Complaint was expired, Plaintiffs filed a letter motion to seek leave to amend the Complaint to include "*the single allegation*" to include New York Labor Law § 196-d violation as they believed (and/or neglected to acknowledge by that date) that "at least one manager" shared Plaintiffs' tips. (See, Dkt NO. 28).



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

II.     **Plaintiffs Were Already Aware of the Identity of the Individual and the Circumstances of their Purported Claim At the Time that They Initiated this Action.**

In Plaintiffs' letter motion, they stated that there is a "good cause" for the late amendment since Plaintiffs were "unable to learn" the need to amend due to Defendants' nonproduction and/or delayed production of discovery responses. (See, Dkt No. 28). However, Plaintiffs' representation reflected in the letter is incorrect and misleading.

Plaintiffs were already aware of the name and identity of the person (aka, "M," "Maya," "Mayason," "Mia Mia Swe" or "the manager") who Plana tiffs believed to share the tips while working at Sushi Katsuei in Brooklyn (hereafter, "Sushi Katsuei"), as reflected in Plaintiffs' deposition transcript. On May 7, 2024, Plaintiff Rupan Chakma's deposition was conducted. During Plaintiff Rupan Chakma's deposition, he testified that he was not able to "touch those tips" and "everything is taken case of by *Mayson* as she managed it "inappropriately" He further testified that once he received the cash tips, he had to give it to *Mayason,* and *Mayason t*ook the tips away from Plaintiff Chakma. A portion of the deposition transcript of Plaintiff Rupan Chakma is attached hereto as **Exhibit A**.

Furthermore, Plaintiff Tiyanit Kaewpan testified that that when he collected the customers' tips paid by check, he "gave it to *Mia Mia Swe*." A portion of the deposition transcript of Plaintiff Tiyanit Kaewpan is attached hereto as **Exhibit B.**

Similarly, Plaintiff Primita Chakma testified that Sushi Katsuei's customers included the tips in the "bills" and either the server and/or the "*manager*" took the "bills." A portion of the deposition transcript of Plaintiff Primita Chakma is attached hereto as **Exhibit C.**

Moreover, Plaintiff Tapan Tanchangya indicated during his deposition that that *the "female* person who is in charge" took amount of tips that Sushi Katsuei's customer paid to Plaintiff Tanchangya. A portion of the deposition transcript of Plaintiff Tapan Tanchangya is attached hereto as **Exhibit D**. As such, at least three(s) of the five (5) Plaintiffs already knew the identity and/or name of the person who (allegedly) were not entitled to share the tips, but shared the tips with Plaintiffs even before and/or at least by the time that they initiated this action on September 1, 2024.

III.     **Defendants Produced the Documents Reflecting the Amount tips "M" Received Before Plaintiffs' Deadline to Seek Leave to Amend Expired.**

In Plaintiffs' letter, they represented that Defendants identified only four (4) individuals who worked in a tipped position and omitted to include the individual, specified as "M" in Defendants' documents, until late April 2024. However, Plaintiffs' representation is <u>not</u> true. Defendants Counsel *indeed* produced multiple pages of the hand-written records reflecting the



# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

individual, "M" and the amount of tips that she received to Plaintiffs' Counsel via email on or around January 19, 2024. (A portion of the records[1] is attached as **Exhibit E**). As such Plaintiffs' Counsel was already aware of (and/or should have known) the identity of the person "M" and the amount(s) that she received in tips before Plaintiffs' deadline to amend the Compliant expired on February 11, 2024.

Additionally, Defendants further supplemented "M"'s pay records reflecting her real name as "Mia-Mia Swe," and the amount of tips that she received for each payperiod in or around May 2024. A portion of Mia-Mia Swe's payrecords produced to Plaintiffs' Counsel is attached as **Exhibit F**.

As such, Plaintiffs' inability and/or unwillingness to review Defendants' discovery responses on time should not be considered as "good cause" to amend the Complaint at this stage of the litigation.

IV.     **The Person that Plaintiffs Believe to be the "Manager" (aka, M," "Maya," "Mayason," or "Mia Mia Swe") Was not the actual "Manager" to be Considered as Plaintiffs' Employer**.

Although the basis for Plaintiffs' attempt to add "the single allegation" was that Defendants required Plaintiffs to share tips with at least one manager, *"M," "Maya," "Mayason," or "Mia Mia Swe"* was not the "manager." Moreover, Plaintiffs do not have any good cause to amend the Complaint at this stage, 1-year after they initiated this action.

During *Mia-Mia Swe*'s deposition she identified that Mr. Aung Ko Win as her "boss" and/or the "manager" of Sushi Katsuei. Moreover, Plaintiff Suloy Tripura testified that Ms. Mia Mia Swe was merely in charge of the "reception" and was responsible for taking the reservations and giving servers instruction "like clearing the tables and stuff like that." A portion of Ms. Swe's deposition transcript and Plaintiffs Suloy Tripura's deposition transcript indicating Ms. Mia Mia Swe's absent authority and/or responsibility to be considered as a "manager" is attached hereto as **Exhibit G**.

According to the Second Circuit, "A finding of 'good cause' depends on the diligence of the moving party." (*New Yuen Fat Garments Factory Ltd. v August Silk, Inc.*, 2009 US Dist LEXIS 45857 [SDNY June 1, 2009]) Citing, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "Examples of a party's failure to be sufficiently diligent include basing a proposed amendment on information long known to the moving party." (*New Yuen Fat Garments Factory Ltd. v August Silk, Inc.*, 2009 US Dist LEXIS 45857 [SDNY June 1, 2009]) *See, also, Parker* at 341 (affirming denial of leave to amend after deadline where, at the time he initially commenced

---

[1] Counsel informs to the Court that the attached portion of the records reflect redactions to the records, but an unredacted copy of multiple pages of additional documents (Bate-stamped as DEF 003064 -003078) reflecting the amount of tips "M" received was also produced to Plaintiffs' Counsel on the same day via email on January 19, 2024.



# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

his suit, plaintiff had information sufficient to support his newly proposed breach of contract claim.).

The consequence for failing to file before the Rule 16 deadline is that, absent good cause, the addition of new parties and/or cliams is precluded. (*S. Beach Skin CARE, Inc. v Event Fashion Footwear, Inc*., 2023 US Dist LEXIS 12726, at *11 [EDNY Jan. 24, 2023, No. 21-CV-3135-HG-SJB]). "'[G]ood cause' depends on the diligence of the moving party," id. (citations omitted), and is lacking if "the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline," *Enzymotec Ltd. v. NBTY, Inc*., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotation marks and citation omitted). "Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." *CSX Transp., Inc.*, 2013 U.S. Dist. LEXIS 203408, 2013 WL 12329546, at *3. "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quotations omitted). And "[g]ood cause requires a showing that the delay 'stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order.'" *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692, 2019 U.S. Dist. LEXIS 134615, 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019) (quoting *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 347 (E.D.N.Y. 2013)).

Here, Plaintiffs knew the identity of the individual known as "the female," "the manager," "Mayason," or "Mia Mia Swe" and the circumstance that the individual received tips on certain times while working at Sushi Katsuei even before they filed the original Compliant as reflected in the Plaintiffs' deposition transcripts. However, Plaintiffs chose not to include the purported "single claim" when they filed the Complaint more than one (1) year ago.

Courts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate." *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526, 2016 U.S. Dist. LEXIS 143647, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016) (collecting cases). But "[t]he Court must also examine whether Plaintiff had notice of, or was diligent in discovering, the alleged new facts." *Rococo Assocs. Inc. v. Award Packaging Corp.*, No. 06-CV-0975, 2007 U.S. Dist. LEXIS 49642, 2007 WL 2026819, at *3 (E.D.N.Y. July 9, 2007) (adopting report and recommendation). (*S. Beach Skin CARE, Inc. v Event Fashion Footwear, Inc.*, 2023 US Dist LEXIS 12726, at *12 [EDNY Jan. 24, 2023, No. 21-CV-3135-HG-SJB]). A court may deny leave to amend for lack of diligence [*5] even if amendment would not prejudice the non-movant. See *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order). (*Suarez v California Natural Living, Inc.*, 2019 US Dist LEXIS 178108, at *4-5 [SDNY Oct. 15, 2019, No. 17 CV 9847 (VB)]).



# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

Plaintiff does not "understandably account for the multi-month delay and has not shown diligence with respect to the addition of parties. *E.g., Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) ("The district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16."); *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, 20-CV-4440, 2022 U.S. Dist. LEXIS 49594, 2022 WL 818943, at *3 (E.D.N.Y. Mar. 17, 2022) (finding lack of diligence when, even with crediting plaintiff's preferred date, there was a two-and-a-half month delay in filing a motion to amend); *George & Co. LLC v. Spin Master Corp.*, No. 19-CV-4391, 2020 U.S. Dist. LEXIS 120715, 2020 WL 3865098, at *4 (E.D.N.Y. July 7, 2020) (finding lack of diligence under Rule 16 where plaintiff "missed the original deadline to amend by almost three months, and it offer[ed] no explanation for this delay"). (*S. Beach Skin CARE, Inc. v Event Fashion Footwear, Inc.*, 2023 US Dist LEXIS 12726, at *15-16 [EDNY Jan. 24, 2023, No. 21-CV-3135-HG-SJB]); *Rambarran v. Mount Sinai Hosp.*, No. 06 Civ. 5109 (DF), 2008 U.S. Dist. LEXIS 30580, 2008 WL 850478, at *3 (S.D.N.Y. Mar. 28, 2008) (denying motion to amend where plaintiff sought to amend complaint three and a half months after deadline).

In this case, Plaintiffs had the opportunity to amend the Complaint before their deadline was expired since they already had the knowledge (at the time that they filed the Complaint) and were able to review Defendants' documents in January 2024 (before their deadline to seek leave expired), but they neglected and/or chose not to do so until May 2024.

As such, Defendants respectfully request this Court that Plaintiffs were not allowed to amend the Complaint even though they are just trying to add the mere "single claim" in this action at this later stage. As Plaintiffs already had the knowledge and/or information of the individual and the nature of their purported claim at the time that they filed the Original Complaint; and also, before their deadline to seek the Court's leave to amend the Complaint but failed to amend the Complaint without any good cause.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Seo Law Group, PLLC

By: _/s/ Diana Seo_____
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)