D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RUPAN CHAKMA, SULOY TRIPORA,
TAPAN KANTI TANCHANGYA, TIYANIT
KAEWPAN, and PRAMITA CHAKMA, on
behalf of themselves and others similarly
situated,

                Plaintiffs,

    v.

SUSHI KATSUEI, INC. d/b/a SUSHI
KATSUEI PARK SLOPE, ROYAL
KATSUEI, INC. d/ba SUSHI KATSUEI
WEST VILLAGE, AYE AYE SWE, and
AUNG KO WIN,

                Defendants.
-------------------------------------------------------x

23-CV-7804 (KPF)

AMENDED COMPLAINT

FLSA COLLECTIVE ACTION AND RULE
23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because

this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This

Court has supplemental jurisdiction over the New York state law claims, as they are so related to

the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant Sushi Katsuei, Inc. ("Sushi Katsuei Park Slope") is a New York corporation.

5.      Defendant Sushi Katsuei, Inc. owns and operates the restaurant Sushi Katsuei located in Park Slope, Brooklyn.

6.      Sushi Katsuei Park Slope has annual gross sales in excess of $500,000.

7.      Defendant Royal Katsuei, Inc. ("Sushi Katsuei West Village") is a New York corporation.

8.      Defendant Sushi Katsuei, Inc. owns and operates the restaurant Sushi Katsuei located in the West Village, Manhattan.

9.      Sushi Katsuei West Village has annual gross sales in excess of $500,000.

10.      Defendants Aye Aye Swe and Aung Ko Win jointly own and operate both Sushi Katsuei locations.  They are frequently present at both locations and they are responsible for the day-to-day affairs of both locations. They both have direct authority over hiring and firing of employees, payroll, schedules, exercise control over the restaurant's day to day operations.

11.      To the extent that employment records are kept for employees, Defendants Swe and Win maintain and have control over those records.

12.    The liquor license at Sushi Katsuei Park Slope is registered listing Defendant Win as a principal.  He is also listed with the New York Secretary of State as the Chief Executive Officer of the corporation.

13.    The liquor license at Sushi Katsuei West Village is registered listing Defendant Swe as a principal.

14.    In a New York Times article about Sushi Katsuei Park Slope, Ms. Swe is described as "running the floor," *i.e.*, service at the restaurant.  In another article with Eater.com, Ms. Swe discussed her policies with respect to cleaning procedures at both Sushi Katsuei locations.

15.    In an Eater.com article about Sushi Katsuei West Village, Defendant Win discusses his pricing policies at the location, and is described as being "behind" this Sushi Katsuei location, including controlling its pricing, food options, and location.

16.    Plaintiff Suloy Tripora was employed by Defendants as a server at Sushi Katsuei Park Slope from late 2017 until mid-2023.

17.    Plaintiff Tapan Tanchangya was employed by Defendants as a server at Sushi Katsuei Park Slope from late 2017 until March 2020 and for two weeks in 2021.

18.    Plaintiff Rupan Chakma has been employed by Defendants as a server at Sushi Katsuei Park Slope from 2018 until 2023.

19.    Plaintiff Tiyanit Kaewpan was employed by Defendants as a server at Sushi Katsuei Park Slope from 2021 until 2023.

20.    Plaintiff Pramita Chakma was employed by Defendants as a server at Sushi Katsuei Park Slope from February 2021 until August 2021.

21.    All Plaintiffs are hereinafter collectively referred to as "Plaintiffs."

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.    Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendants at Sushi Katsuei Park Slope and/or Sushi Katsuei West Village on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

23.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their tips.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

24.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

25.    Plaintiffs bring the state law wage and hour Claims for Relief (Second, Third, Fourth, Fifth, and Sixth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees employed by Defendants at Sushi Katsuei Park Slope and/or Sushi Katsuei West Village on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

26.    All said persons, including Plaintiffs, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

27.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

28.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation, illegally retaining tips.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

29.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendants employed Plaintiffs and the Class members within the meaning of New York law.

b)      At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c)      Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

d)      Whether Plaintiffs were manual workers entitled to be paid on a weekly basis.

e)      Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

f)      Whether Defendants illegally distributed Plaintiffs' and the Class members' tips to Defendants' agents and/or non-service employees.

g)      Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

h)      Whether Defendants provided Plaintiffs and Class members with the proper notices.

## **FACTS**

33.     Plaintiffs' Consent to Sue forms are attached as Exhibit A.

34.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

35.     Defendants knew that the nonpayment of minimum wage and illegal deductions from the compensation of Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

36.     Plaintiffs worked for Defendants as servers.

37.     Plaintiffs were paid pursuant to New York's tip credit minimum wage, which is lower than the full minimum wage.

38.     Defendants were not entitled to pay Plaintiffs less than the full minimum wage because Defendants did not give Plaintiffs proper written notice of the minimum wage.

39.     Defendants were also not entitled to Plaintiffs pursuant to a tip credit, because plaintiffs spent more than 20% of their workdays performing non-tipped work, such as preparing tables, polishing silverware, sweeping, mopping, cleaning bathrooms and cleaning windows.

40.     Defendants at times did not pay Plaintiffs for all hours worked.  For example, until 2019, Plaintiffs were paid for 5-6 hours per shift even though their shifts lasted much longer (typically from 4:00 p.m. until well past 11:00 p.m.)

41.     Plaintiffs were not given appropriate notices and acknowledgments of pay rate as required by New York Law.  As a result, they were unaware of the full minimum wage/tip credit requirements.

42.     Plaintiffs' weekly wage statements also made no mention of any tip credit, as required by New York law.

43.     Defendants required Plaintiffs to pool their tips each night.  However, at least 30% of servers' nightly tips were not distributed to servers or to other employees that provided direct customer service.

44.     Plaintiffs were informed by management at Sushi Katsuei West Village that it too utilizes a similar illegal tip distribution policy.

45.     At Sushi Katsuei in Park Slope, Defendants required Plaintiffs and other food-service employees to share tips with the restaurant's general manager Mya Swe a/k/a "Maya San." Ms. Swe supervised all aspects of the food-service employees work at Sushi Katsuei in Park Slope. For example, she was directly responsible for hiring and firing employees, and setting their schedules. This conduct violated the FLSA and NYLL.

46.     Plaintiffs were manual workers as defined by New York Labor Law § 191. Specifically, Plaintiffs spent the majority of their work time performing manual work such as standing, walking, carrying items, and cleaning.

47.     However, until mid-2023, Plaintiffs were paid on a biweekly basis instead of weekly, as required by NYLL § 191. Until Defendants began paying Plaintiffs on a weekly basis, every other week Defendants denied Plaintiffs money to which they were entitled.

48.     Every time that Defendants failed to pay Plaintiffs their wages earned within seven days of the end of the workweek, Defendants deprived them of the use of money that belonged to them.  As a result, Plaintiffs were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy.  Moreover, by retaining money that belonged to Plaintiffs, Plaintiffs lost the time value of money.

49.     Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Members, and the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

50.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

51.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

52.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

53.     Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

54.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;**
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

55.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56.     Defendants knowingly failed to pay Plaintiffs and the Class members the full New York State minimum wage for all hours worked.

57.     Defendants' failure to pay Plaintiffs and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

58.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

59.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60.     Defendants willfully diverted portions of Plaintiffs' and Class Members' tips.

61.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

62.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

63.     Defendants did not provide Plaintiffs and members of the Class with the notices/wage statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

64.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York State Late Payment of Wages Violations**
**New York Minimum Wage Act, N.Y. Stat. § 190 et seq.)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

128.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

129.   At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the NYLL, § 190, et seq.  At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

130.   Defendants did not pay Plaintiffs—who were manual laborers—on a weekly basis.

131.   Instead, Defendants issued paychecks to Plaintiffs on a bi-weekly basis.

132.   The aforesaid conduct of Defendants was knowing, intentional, and willful.

133.   By their aforesaid conduct, Defendants willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, et seq.

134.   Plaintiffs are thereby entitled to recover from Defendants, jointly and severally, liquidated damages in the amount of Plaintiffs' respective untimely paid wages, as well as compensatory damages for bank fees paid by Plaintiffs, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Plaintiffs as Representatives of the Class.

E.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.     Penalties available under applicable laws;

G.     Costs of action incurred herein, including expert fees;

H.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.     Pre-judgment and post-judgment interest, as provided by law; and

J.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        September 27, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP


By: */s/ Josef Nussbaum*
    D. Maimon Kirschenbaum
    Josef Nussbaum
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.