

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

April 30, 2025

Diana Y. Seo, Es
Tel: (718) 500-3340
Email: diana@seolawgroup.com



**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
             Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

      This office represents Defendants in the above referenced matter. I write to respond to Plaintiffs' letter filed on April 24, 2025, and respectfully requests that the Court provide clarification as to the end date for the class period.

      Per the Court's Order, Defendants are directed to provide a list of class and subclass members who worked at the restaurants since September 1, 2017 (Dkt. No. 60, page 35). Upon receiving the Court's permission to extend the deadline, Defendants provided the list of class and subclass members who worked at each restaurant during the six-year class period from September 1, 2017, through September 2023 (e.g., until September 15, 2023, for Sushi Katsuei and until September 30, 2023, for Royal Katsuei).

      On or about April 21, 2025, counsel for Plaintiffs and Defendants held a telephone conference to meet and confer. During the conference, Plaintiffs' counsel requested that Defendants provide and/or supplement copies of class and subclass members' paystubs to ascertain the amount of damages through the present date. Plaintiffs' counsel also requested that Defendants supplement the information regarding class and subclass members who are currently working or have worked up to the present time. The basis for Plaintiffs' counsel's request is the Court's Order granting Plaintiffs' motion for class certification, which requires Defendants to provide information for class and subclass members "since September 1, 2017."

      Here, the time period covered by the class list begins on September 1, 2017, and extends *onward*. It includes all tipped food-service employees (excluding sushi chefs) who worked for Defendants at the Sushi Katsuei restaurants during this period. Additionally, a subclass is defined to include tipped food-service employees at the SK Park Slope location who participated in the



## Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

tip-pooling system during the same timeframe. The class period encompasses both the period before October 31, 2022, when Defendants paid employees on a biweekly basis, and the period thereafter, during which payments were made weekly.

Defendants agree to provide and/or supplement the class and subclass members' paystubs for the six-year class period (e.g., from September 2017 to September 2023), to the extent any such paystubs are in Defendants' possession but have not yet been produced. However, Defendants object to Plaintiffs' request for information and documents concerning class and subclass members outside the defined class period. As the Court is aware, the current class definition lacks a clearly established end date. Requiring Defendants to provide information and documents through the present date would impose ongoing administrative burdens, create issues of unascertainability, and lead to confusion.

Courts have consistently emphasized the importance of establishing a clear end date for the class period in order to avoid confusion and ensure fairness. See *Hart v. Rick's NY Cabaret Intl., Inc.*, 967 F. Supp. 2d 901, 949 (S.D.N.Y. 2013) (rejecting an open-ended class period on the grounds that it could result in material factual changes and confusion among class members, and emphasizing that a class definition must be "precise, objective, and presently ascertainable"). While courts may permit the production of updated class lists, the temporal scope of such disclosures is typically tied to the defined class period and the applicable statutes of limitations. See *Munoz v. The Group US Mgmt. LLC*, 348 F.R.D. 192 (S.D.N.Y. 2025) (requiring defendants to produce a list of employees only within a clearly defined time frame consistent with the statute of limitations for FLSA claims).

Accordingly, Defendants respectfully request that the Court clarify the end date of the class period. In the absence of such clarification, Defendants propose that the Court adopt an end date of either six years from the filing of the complaint or, in the alternative, the close of discovery.

We thank the Court for its time and continued attention to this matter.

                                            Respectfully Submitted,

                                            Seo Law Group, PLLC

                                            By: __/s/ *Diana Seo*_____
                                            Diana Y. Seo, Esq.
                                            *Attorneys for Defendants*

cc: All counsel of record (via ECF)

The Court is in receipt of Plaintiffs' letter informing the Court that Defendants have served an incomplete class list. (Dkt. #69). Plaintiffs request that Defendants be ordered to comply with the Court's previous orders requiring the production of such a list and that the Court impose sanctions on Defendants for their failure to provide the list in a timely manner. (*Id.*). The Court is also in receipt of Defendants' response. (Dkt. #70).

The Court is dismayed to hear that Defendants have failed to provide a complete class list, despite this Court's previous orders. (Dkt. #60, 64). However, the Court is sympathetic to Defendants' request for a clearly defined end date to the class period, as such ambiguity can cause confusion in the course of this litigation. *See Hart* v. *Rick's Cabaret Intern, Inc.*, 967 F. Supp. 2d 901, 949 (S.D.N.Y. 2013) ("Lack of clarity as to the end date of a class period ... has the potential to confuse putative class members as to whether their interests will, or will not, be represented in the pending lawsuit.").

In the Amended Complaint, Plaintiffs stated that their class allegations are made "on behalf of all tipped employees employed by Defendants ... on or after the date that is six years before the filing of the Original Complaint in this case." (Dkt. #58 ¶ 25). Such a statement aligned with Plaintiff's motion for class certification based on New York Labor Law ("NYLL") claims (Dkt. #60), as NYLL claims have a "statute of limitations of six years," *Perez Garcia* v. *Hirakegoma Inc.*, No. 17 Civ. 7608 (SLC), 2020 WL 1130765, at *7 (S.D.N.Y. Mar. 9, 2020) (citing NYLL ¶ 198(3)). However, to provide further clarity to Defendants, the Court will set the end date for the class period at **February 7, 2025**, which is the date in which class certification was granted. (Dkt. #60). Such an end date is aligned with the approach taken by other courts in this Circuit. *See Leong* v. *Laundry Depot, LLC*, No. 19 Civ. 3545 (HG) (PK), 2023 WL 6226415, at *9 (E.D.N.Y. Sept. 26, 2024) (setting the class period for NYLL claims as "between the date six years immediately proceeding the filing of th[e] action ... and the date of [the class certification] decision"); *Aponte* v. *Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825 (PKC), 2011 WL 2207586, at *12 (S.D.N.Y. June 2, 2011)(granting class certification for a class defined to include those employed "during the six years immediately preceding the initiation of this action up to the date of [the class certification] decision").

In light of the above, Defendants are required to produce a complete class list on or before **May 9, 2025.** Plaintiffs' request for sanction is DENIED without prejudice to its renewal. If Defendants' yet again fail to comply with the Court's deadlines, Plaintiffs' are welcome to renew their application for sanctions.

The Clerk of Court is directed to terminate the pending motion at docket entry 69.

Dated:     May 5, 2025
           New York, New York

                                        SO ORDERED.

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE