# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

May 15, 2025

**VIA ECF AND EMAIL (Failla_NYSDChambers@ nysd.uscourts.gov)**

Hon. Katherine Polk Failla
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007



**Re:  *Chakma, et al, v. Sushi Katsuei Inc. et al.* 23-cv-7804 (KPF)**

Dear Judge Failla:

We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 class and subclass (the "Classes") in the above-referenced matter. We write to respectfully inform the Court that Defendants have (a) Defendants have still not produced a complete class list despite the Court's multiple extensions to the deadline for production of the list and its admonition that failure to do so could lead to sanctions, and (b) Defendants have still not produced classwide payroll records which are long overdue and which Defendants had previously committed to produce by May 5, 2025.

## I.   Defendants Have Still Not Produced A Complete Class List

To briefly reiterate the relevant procedural history relating to this application, on February 7, 2025, the Court certified this case as a class action and Ordered Defendants to produce to Plaintiffs a list including all relevant employees' "names, dates of employment, last known addresses, and **last known phone numbers**." ECF No. 60 at 35 (emphasis added) (the "Certification Order"). Defendants were Ordered to produce this list on or before March 15, 2025. *See id*. Defendants did not produce the list by that deadline and were granted two extensions, until April 14, 2025 and then again until May 9, 2025, to produce the list. *See* ECF Nos. 64, 71. In the first extension Order, the Court stated that "Defendants are cautioned, however, that no further extension requests will be granted." *Id*. In the most recent extension Order, the Court admonished Defendants that "[i]f Defendants yet again fail to comply with the Court's deadlines, Plaintiffs are welcome to renew their application for sanctions." ECF No. 71 at 3.

On May 9, 2025, Defendants produced a new version of the list. However, despite the Court's unambiguous Order as to what information Defendants needed to include in the list, they

nonetheless still did not include phone numbers for any class members. To be sure, we have consulted with our clients and they confirm that Defendants and their management employees communicated with food-service employees (*i.e.*, the class members) via telephone about scheduling and other matters involving the restaurants. Thus, there is no doubt that Defendants possess this information. Moreover, Defendants were on notice of this aspect of the Certification Order prior to the time that the most recent list was produced on May 9th. Specifically, Defendants did not include any phone numbers in their earlier (incomplete) iterations of the class list and, on May 5, 2025, the undersigned emailed Defendants to remind them that the anticipated new list must include all class members' phone numbers. Defendants ignored that communication and nonetheless failed to include telephone numbers in the list they produced on May 9th. Upon receiving the most recent list, the undersigned emailed Defendants again on May 12 and 13, 2025 to try and secure the missing information. Defendants ignored those requests as well. Accordingly, for all the foregoing reasons, and the reasons outlined in Plaintiffs earlier letters seeking the production of a complete class list, the Court should both sanction Defendants for their past conduct and issue a daily sanction to ensure Defendants comply with its Orders. Thus, Plaintiffs respectfully request that the Court Order Defendants to pay Plaintiffs' attorneys' fees incurred in trying to secure the list. Plaintiffs also respectfully request that the Court impose a daily sanction of $500 for every day that Defendants fail to produce a list that fully and completely complies with the Certification Order.

## II. Defendants Have Not Produced All Outstanding Discovery

On April 21, 2025, parties met and conferred and, among other things, we reminded Defendants' counsel that her clients had still not produced all class-wide payroll records in the case. For example, despite the continuing nature of Plaintiffs' discovery demands, Defendants have not produced any records for class members who worked since May 2024. In response, Defense counsel indicated that her clients would produce all outstanding classwide payroll records within two weeks, *i.e.*, by May 5, 2025. That date has come and gone and Defendants have still not produced all outstanding information. Accordingly, Plaintiffs respectfully request that the Court Order Defendants to produce all outstanding discovery no later than May 29, 2025 and to provide a sworn certification from all Defendants confirming that they have produced all responsive classwide payroll documents in their possession, custody and/or control.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)

2

The Court is in receipt of Plaintiffs' letter informing the Court that (i) Defendants have still not produced a complete class list despite the the Court's orders and (ii) that Defendants have still not produced classwide payroll records.  (Dkt. #73).  Defendants have failed to file a response to Plaintiffs' letter, although they were under no obligation to do so.

The Court is dismayed that it must once again address issues related to the production of the class list.  Defendants are hereby ORDERED to produce an updated class list on or before **May 29, 2025**.  This list shall include the phone numbers of class members, and any unexplained deficiencies in this list will result in the imposition of sanctions. Plaintiffs' counsel, as well as the Court, have already devoted far too many resources to ensuring Defendants' compliance with basic Court orders.  (*See* Dkt. #64, 71).

Moreover, in light of the above, Defendants are hereby ORDERED to produce all outstanding discovery no later than **May 29, 2025,** and to provide a sworn certification from all Defendants confirming that Defendants have produced all responsive classwide payroll documents in their possession, custody, and/or control.

The Clerk of Court is directed to terminate the pending motion at docket entry 73.

Dated:    May 22, 2025          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE