# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340
June 13, 2025

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



      Re:     **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
              Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

      This office represents Defendants in the above-referenced matter. Pursuant to the Courts directive during the June 12, 2025 conference, Defendants respectfully submit this response to Plaintiffs letter dated June 12, 2025, and inform the Court of Defendants objections to all points raised in Plaintiffs pre-motion letter, as genuine disputes of material fact exist regarding each of the statements.

      Following Plaintiffs letter motion dated May 22, 2025, seeking Defendants production of classwide payroll records, the Court ordered Defendants to produce all supplemental responsive payroll documents and provide sworn certifications from all Defendants confirming the completion of production of any existing documents within their possession, custody, or control. (Dkt. No. 74).

      On May 29, 2025, Defendants counsel provided payroll records reflecting all class members supplemental paystubs, which included information on hours worked, rates of pay, and gross wages for the relevant time period. Upon realizing the next day that some paystubs were missing, counsel promptly forwarded the remaining documents in her possession to Plaintiffs' counsel via email. Over a two-day period, Defendants produced more than 700 additional pages of paystubs and provided affidavits confirming the completion of production of all paystubs. Until Plaintiffs received Defendants documents on or about March 30, 2025, they had neither addressed nor specified the scope of the request that would constitute payroll records. Plaintiffs are already aware that Sushi Kateusi does not maintain separate records of cash tips, as tips were divided among servers, and customers rarely paid in cash (Win Depo. Trans. 92:18-23; 93:6-80). To date, both restaurants have completed production of all paystubs, as confirmed by Defendants sworn affidavits.

      On June 12, 2024, immediately following the Court conference, counsel for both parties held a meet-and-confer telephone conference. During this discussion, the parties addressed the scope of payroll records and reached an understanding that Plaintiffs are seeking records reflecting the total amount of tips, both in cash and via credit card, paid to servers, as Plaintiffs



<div align="center">

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

</div>

allege illegal deductions of gratuities in their Complaint. The only documents reflecting the total amount of tips that Defendants counsel is aware of are handwritten notes provided during the course of discovery, which cover the period up to approximately September 2023. Counsel does not believe there are additional documents specifically reflecting the requested payroll information, such as daily or weekly tip breakdown sheets or other tip-related records. However, Defendants agree to produce any such documents, if they exist, to ascertain the total amount of customers tips, including any supplemental handwritten notes covering the relevant period.

### As to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment

Defendants respectfully inform the Court that they oppose all of Plaintiffs' assertions, as genuine disputes of material fact exist with respect to each of the claims, as outlined below:

1. **Whether Defendants Violated the NYLL's Minimum Wage Requirements**
   Plaintiffs allege that Defendants unlawfully applied a tip credit without providing the required notices under New York law. However, deposition testimony and payroll records reveal inconsistencies in Plaintiffs' claims. For example, wage notices produced during discovery demonstrate that some employees received the required notices, while others did not, creating a factual dispute regarding Defendants' compliance. Additionally, the sufficiency of the notices is a contested issue that must be resolved by the trier of fact.

2. **Whether Defendants Were Entitled to Pay Class Members Bi-Weekly**
   Plaintiffs assert that Defendants violated NYLL § 191(1)(a) by paying class members bi-weekly instead of weekly. However, deposition testimony and payroll records raise a dispute as to whether class members qualify as "manual workers" under the NYLL. For instance, Plaintiff Rupan Chakma primarily worked in the pantry section and was not required to take orders or serve food. (See Dkt. No. 50 ¶¶14, 16–17.) Additionally, the timing and method of payment varied among employees, further underscoring the existence of material factual disputes.

3. **Whether Defendants Misappropriated Tips from Plaintiffs**
   Plaintiffs' claim that Defendants retained portions of employees' tips in violation of the FLSA and NYLL. However, Defendants' tip distribution records and testimony contradict Plaintiffs' allegations. For instance, deposition transcripts indicate that tips were distributed according to company policy and that restaurant operators did not retain any portion of the tips. (See Win Depo. Trans. 97:6–8, 98:11–17, 110:8–10; Swe Depo. Trans. 95:21–22.) Any discrepancies in the records require further factual development.

4. **Whether Defendants Are Liable for Liquidated Damages**
   Plaintiffs argue that Defendants failed to take active steps to comply with the FLSA and NYLL, warranting liquidated damages. However, Defendants have presented evidence of efforts to comply with wage and hour laws, including consulting the "New York City Restaurant Owners Manual" and seeking guidance from individuals believed to possess



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

relevant knowledge (e.g., an accountant). (See Win Depo. Trans. 62:12–19; Swe Depo. Trans. 78:3–10, 79:9–11.) Whether Defendants acted in good faith is a factual question that cannot be resolved on summary judgment.

5. **Whether the Restaurants Are a Single Integrated Enterprise**
Plaintiffs contend that the restaurants operated as a single integrated enterprise due to shared management and payroll practices. Defendants dispute this characterization and cite evidence showing that the restaurants operated independently, with separate management structures and financial records. Deposition testimony from Mr. Win and Ms. Swe supports this position, creating a genuine dispute of material fact.

6. **Whether Individual Defendants Are Employers Under the FLSA and NYLL**
Plaintiffs assert that the individual Defendants qualify as employers under the "economic realities" test. However, deposition testimony and other evidence raise questions about the extent of their involvement in day-to-day operations, hiring and firing decisions, and control over employee wages. These are factual disputes that must be resolved by the trier of fact.

As such, Defendants respectfully request that the scope of payroll record production be limited to information and documents that actually exist, and that the Court deny Plaintiffs' motion for summary judgment. Genuine disputes of material fact exist as to each of the claims raised by Plaintiffs, and those disputes must be resolved at trial.

Defendants thank the Court for its time and continued attention to this matter.

We thank the Court for its time and continued attention to this matter.

    Respectfully Submitted,
    Seo Law Group, PLLC

    By:  /s/ *Diana Seo*
    Diana Y. Seo, Esq.
    *Attorneys for Defendants*

cc: All counsel of record (via ECF)

The Court is in receipt of Plaintiffs' letter motion outlining the still outstanding discovery (Dkt. #79), and Defendants' above response (Dkt. #80). The Court appreciates the update from both parties.

The Court agrees with Defendants that Plaintiffs must produce all (i) daily and/or weekly tip breakdown sheets; (ii) daily and/or weekly financial records of the amounts of tips left by customers each day/week; and (iii) any other tip related records in Defendants' possession, custody, and/or control. However, the Court also accepts defense counsel's representation that there are no additional documents reflecting such information. Accordingly, Defendants are ORDERED to produce any additional documents, to the extent such documents exist, on or before **June 23, 2025**. Defendants are also ORDERED to revise their certifications, on or before **June 23, 2025**, to indicate that they have produced all payroll/tip records and not merely paychecks.

The Clerk of Court is directed to terminate the pending motion at docket entry 79.

Dated:     June 16, 2025            SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE