# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

June 23, 2025

**VIA ECF AND EMAIL (Failla_NYSDChambers@nysd.uscourts.gov)**

Hon. Katherine Polk Failla
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Chakma, et al, v. Sushi Katsuei Inc. et al,* **23-cv-7804 (KPF)**

Dear Judge Failla:

We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 class and subclass ("Plaintiffs") in the above-referenced matter. We write to respectfully inform the Court that Defendants are still not complying with their discovery obligations and this Court's Orders as they (1) have failed to complete their production of payroll records by the Court Ordered deadlines, and (2) are denying that they have certain records despite those records obviously being in their possession, custody or control.

As the Court is aware, Plaintiffs have been trying to secure classwide payroll records since April 2025. See ECF No. 69. On May 22, 2025, the Court Ordered Defendants "to produce all outstanding discovery no later than May 29, 2025, and to provide a sworn certification from all Defendants confirming that Defendants have produced all responsive classwide payroll documents in their possession, custody, and/or control." ECF No. 74.

On June 12, 2024, Plaintiffs filed another letter motion informing the Court that Defendants had still not produced all outstanding discovery since Defendants had only produced class members' paystubs and failed to produce any tip records. In that letter motion, Plaintiffs further highlighted that the sworn certifications Defendants provided craftily state that they had produced the "paystubs of the relevant individuals" and not all "payroll documents" as explicitly required by the Court's May 22, 2025 Order. *Id*. Plaintiffs highlighted that the outstanding payroll information pertains to Plaintiffs' tip theft claim and includes records of:

1. Daily and/or weekly tip breakdown sheets;
2. Daily and/or weekly financial records of the amounts of tips left by customers each day/week (e.g., records from Defendants' POS system); and
3. Any other tip related records in Defendants possession, custody and/or control.

ECF No. 79. As relevant to the instant matter, in their response to Plaintiffs' June 12th letter, Defendants' counsel stated:

> The only documents reflecting the total amount of tips that Defendants counsel is aware of are handwritten notes provided during the course of discovery, which cover the period up to approximately September 2023. Counsel does not believe there are additional documents specifically reflecting the requested payroll information, such as daily or weekly tip breakdown sheets or other tip-related records.

ECF. No. 80. On June 16, 2025, the Court again Ordered Defendants to "produce all (i) daily and/or weekly tip breakdown sheets; (ii) daily and/or weekly financial records of the amounts of tips left by customers each day/week; and (iii) any other tip related records in Defendants' possession, custody, and/or control." ECF No. 81 at 4. However, the Court stated that it "accepts defense counsel's representation that there are no additional documents reflecting such information." *Id*.

Plaintiffs respectfully submit that Defendants representations about the availability of tip records is implausible on its face. Defendants own and operate a restaurant. It is simply not believable for them to claim that they have no additional tip records for their restaurant between September 2023 and February 7, 2025 (i.e., the end date of the class period). Moreover, while we understand that the Court generously accepted Defendants' representations, it is preposterous for Defendants to represent that they have no records (or access to records) of credit card tips left by customers at the restaurant. Defendants, like every other restaurant in the country, accept credit card payments from customers and use a credit card processing company that must have records of the amounts of tips left by customers at the restaurant. Accordingly, Defendants should be ordered to produce these records or to provide an explanation as to why they are unavailable. If the Court deems whatever explanation Defendants provide acceptable, Plaintiffs respectfully that the Court order Defendants to (1) identify all credit card processing companies they used during the class period, and (2) to allow Plaintiffs to serve subpoenas on those companies for the records outlining the credit card tips left by customers at Sushi Katsuei.

Lastly, despite their stated intention to do so, Defendants did not produce any additional tip records by yesterday's Court Ordered deadline. Instead, Defendants' counsel emailed the undersigned at 6:52 p.m. and asked if Plaintiffs would consent to a two-week extension to the time that those documents are due. Plaintiffs respectfully note that this is now (at least) Defendants fourth time requesting an extension of a Court Ordered deadline in this matter either on the day of the deadline or after the deadline passed. *See* ECF Nos. 32, 47, 61. After the last such occurrence,

the Court admonished Defendants that it "expects Defendants to submit any future extension requests in this litigation before the relevant deadline has passed." ECF No. 64. This warning does not appear to have altered Defendants conduct in producing discovery in this lawsuit. Thus, Plaintiffs respectfully request that the Court order Defendants to (1) produce all outstanding discovery immediately, and (2) pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(b)(2)(C), pay Plaintiffs' attorneys fees incurred in making this application and all the preceding applications in which we have sought to secure production of such records.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)