JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

June 26, 2025

**VIA ECF AND EMAIL (Failla_NYSDChambers@nysd.uscourts.gov)**

Hon. Katherine Polk Failla
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Chakma, et al, v. Sushi Katsuei Inc. et al,* **23-cv-7804 (KPF)**

Dear Judge Failla:

  We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 class and subclass ("Plaintiffs") in the above-referenced matter. We write to (a) notify the Court that Defendants have engaged in highly inappropriate interference with the Court's supervision of the class-notice/process and (b) respectfully request an evidentiary hearing with the Court to address Defendants' and/or Defendants' agents' egregiously inappropriate communications with class members pressuring them, at times with monetary incentives, to opt-out of the class. Defendants' conduct was brazen, beyond the pale and is precisely the sort of illegal interference that warrants judicial remedy.

  By way of background, or around May 30, 2025, our office mailed notice of the class action to approximately 75 class members. The notice is attached hereto as Exhibit A. The notices were mailed to the names and addresses Defendants provided on the class list. Although the Court ordered Defendants to include class members' phone numbers on the class list, Defendants did not provide any phone numbers and stated that they did not have any class members' phone numbers. To date, our office has received 31 Exclusion Request Forms (*i.e.*, more than 40% of the class) which, in our firm's experience, is an extremely high opt out rate. These Exclusion Request Forms are attached hereto as Exhibit B and have been numbered for identification. The opt out deadline is July 14, 2025.

  Last week, our office was contacted by two class members and former employees of Sushi Katsuei, Binoy Chakma and Jie Wei, who informed us that a manager at Defendants' restaurant named "Maya" has been pressuring them to opt-out of the case.[1] (Attached hereto as "Exhibit C"

---

[1] This individual, Maya, (a/k/a Mya Swe) is the individual that Plaintiffs amended their complaint to include claims that she was a manager at Sushi Katsuei and was taking tips from the employees' tip pool. See ECF No. 54.

and "Exhibit D" are sworn declarations from Messrs. Chakma and Wei, respectively, outlining their interactions with Maya.)

Maya drove from New York City to Albany, NY to meet with Mr. Chakma and pressure him to exclude himself from the case. Prior to meeting with Maya, Mr. Chakma was not aware that the case had been certified as a class action and that he was a member of the class (he had changed addresses and had not received the notice). Understandably, Mr. Chakma did not know what he might be entitled to in the case. Maya pressured Mr. Chakma to exclude himself from the case to "do her a favor." Mr. Chakma succumbed, wrote and signed an exclusion request, and gave it to Maya. Maya then provided Mr. Chakma with two Macy's gift cards. Mr. Chakma did not mail the request or even provide postage for it. Finally, yesterday, Mr. Chakma received a call from a former coworker at Sushi Katsuei who told him that Maya asked him to resend the note because Mr. Chakma's handwriting on the original note was not clear. The coworker informed Mr. Chakma that he should send the new note to Maya and that she would mail it. *See* Ex. C.

Mr. Wei similarly received a call from Maya asking him to opt-out. The address Sushi Katsuei provided for Mr. Wei for the class mailing was not his current address, and thus he never received the notice of class action. In fact, prior to this phone call from Maya, Mr. Wei had no idea that there was a lawsuit against Sushi Katsuei. During their call, Mr. Wei told Maya that he would consider her request to exclude himself but did not commit himself to anything. Since that time, Maya has called him at least five more times to pressure him to exclude himself. Mr. Wei did not pick up those phone calls and since then Maya has now started sending him test messages. Yesterday, Maya sent Mr. Wei what can only be described as an obviously manipulative and pressure-laden message. (*See* Exhibit 1 to the Wei Declaration.) In the message, Maya cajoles Mr. Wei to "stand[] with us" and exclude himself from the case since he has "always been a team player" and is "part of Katsuei" family.[2] Maya's sweet-talking message to Mr. Wei is an obvious attempt to extract an opt-out form and to interfere with the Court sanctioned communications in this matter. *See* Ex. D.

The above-described pressure by a managerial employee of Defendants pressuring class members to opt-out is beyond the pale. But that is not all, as the content and circumstances surrounding the exclusion requests also indicate Defendants' pressure/interference for the following reasons:

- To date, 8 of 9 current employees at Defendants' Brooklyn location and 4 out of 6 current employees at their Manhattan location have submitted an opt-out form. In other words, more than 80% of the current employees—the class members with whom Defendants have regular contact—have submitted requests to be excluded.

- At least 9 of the opt-outs were submitted by individuals who never even received the notice of class action mailing because their notices were returned to our office as undeliverable. This begs the question as to how so many individuals who did not receive notice had the wherewithal to properly submit opt-out forms to Plaintiffs' counsel.

---

[2] Plaintiffs respectfully note that Defendants recently indicated to the Court that they intend to oppose Plaintiffs' motion for summary judgment on the issue that the Sushi Katsuei restaurants are a single, integrated enterprise.

- Most of the exclusion requests include a narrative beyond simply stating that the individuals wish to be excluded from the class. Strikingly, many of these narratives are similar to one another. For instance:

    - 5 of the exclusion requests state that the class member has "no complain[t][s]" against Defendants (Ex. B at 2, 3, 6, 18, 19);

    - 8 of the exclusion requests state that the class member "enjoyed" their time working at Sushi Katsuei (Ex. B at 2, 3, 6, 8, 18, 20, 23, 25);

    - 10 of the exclusion requests express thanks to Sushi Katsuei (Ex. B at 6, 7, 8, 10, 16, 17, 18, 25, 26, 29); and

    - 2 of the exclusion requests are virtually identical, reading: "Dear Sir, I don't want to [be] involve[d in] th[e][is] case. 23-CV[S]-08704(KPF)" (Ex. B at 11, 12).

- One of the opt outs expressly disputes the claims in the case as follows: "I was provided with written wage notices and statements. Whenever there were changes to employment terms, such as a change in pay rate, I was presented with wage notices and statements again. I received my salaries and my overtime and spread hours paid correctly." This statement represents a remarkable familiarity with the claims in the case given that the class notice did not reference Defendants' obligation to provide new wage notices before changes in pay rate or spread of hours. (Ex. B at 19.)

These facts – (a) Defendants' demonstrated interference and improper communications with several class members, (b) an extremely unusual percentage of current employees opting out, (c) the fact that so many of the opt-out outs had not received the notice by mail, (d) the similarities among many of the opt-out requests, and (e) the detailed recitations of the claims in one exclusion request – reek of a highly organized pressure campaign to whittle down the size of the class in this lawsuit and to deprive Class Members of their recovery.

Lastly, it bears highlighting that, despite the Court's class certification Order, Defendants did not produce phone numbers for class members as part of the class list. However, it is apparent that Maya, a manager at Sushi Katsuei, has (at least some) employees' phone numbers. To be sure, Mr. Chakma stopped working for Sushi Katsuei in April 2023 and Mr. Wei stopped working in March 2022. Nevertheless, Maya was able to contact both of them via telephone.

"[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); *see also* Fed. R. Civ. P. 23(d)(1)(C), (E). "Indeed, when a defendant contacts putative class members for the purpose of altering the status of a pending litigation, such communication is improper without judicial authorization." *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 253 (S.D.N.Y. 2005). The court has the responsibility "to safeguard [class members] from

unauthorized, misleading communications from the parties or their counsel" because "[u]napproved notices to class members which are factually or legally incomplete, lack objectivity and neutrality, or contain untruths will surely result in confusion and adversely affect the administration of justice." *Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980). "The Court's authority to regulate communications under Rule 23(d) also extends to communications that interfere with the proper administration of a class action, those that abuse the rights of members of the class, and situations in which there is a relationship that is inherently coercive." *Cohen v. Northeast Radiology, P.C.*, 2021 U.S. Dist. LEXIS 16497, 2021 WL 293123, at *11 (S.D.N.Y. Jan. 28, 2021) (citation omitted); *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2014 WL 4966072, at *1 (E.D.N.Y. Oct. 3, 2014) ("The Court's authority is clear, and its obligation to protect class members is strong.").

Given Defendants' agent's outrageous communications with class members and apparent *quid pro quo* payments for (at least) one class member to opt-out, Plaintiffs respectfully request that the Court Order Named Defendants Aung Ko Win and Aye Aye Swe, as well as the restaurant's manger Maya (Mya Swe), to appear for an evidentiary hearing regarding their conduct, after which Plaintiffs will request appropriate relief. Plaintiffs further request that, in advance of the hearing, these three individuals be required to (1) identify all class members whom they contacted about the case since the class was certified, (2) produce records of any communications they had with class members about the case, including, without limitation, text messages, emails, and phone records showing calls made to or received from class members, and (3) to provide all class members' phone numbers in their possession. Plaintiffs also respectfully request that the Court enjoin Defendants and their management employees, including Ms. Swe, from talking to any former Sushi Katsuei employees at all as well enjoining them from talking to current Sushi Katsuei employees about this lawsuit. Lastly, given the deliberate and precise manner in which these opt-outs have been procured, Plaintiffs respectfully request that the Court Order Defendants' counsel, Ms. Seo, to explain what role, if any, she played in advising her clients or their management employees about procuring opt-outs from this lawsuit. *See, e.g., Pefanis v Westway Diner, Inc.*, 2009 US Dist LEXIS 121378, at *1-2 (SDNY Dec. 29, 2009) (invalidating exclusion request forms and sending curative notice to class members after holding an evidentiary hearing); *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193 (5th Cir. 1985) (affirming order prohibiting defense counsel from communicating with class members about the litigation); *Shulman v. Becker & Poliakoff, LLP*, 2018 U.S. Dist. LEXIS 176841, 2018 WL 4961003, at *7 (S.D.N.Y. Oct. 15, 2018) (enjoining communications "with potential class members about this lawsuit or about opting out of this lawsuit"); *Agerbrink v. Model Serv. LLC*, 2015 U.S. Dist. LEXIS 145563, at *28-31 (S.D.N.Y. Oct. 27, 2015) (ordering corrective notice and the production of certain communications and requiring any future communications between defendants and potential opt-in plaintiffs about the lawsuit to be in writing); *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 669-70 (E.D. Tex. 2003) (prohibiting defendants from communicating with absent class members about the litigation and ordering corrective notice).

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)