

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

June 25, 2025

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:   **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

This office represents Defendants in the above-referenced matter. I write to respectfully respond to Plaintiffs' letter dated June 24, 2025 (Dkt. No. 86), regarding discovery and sanctions. Defendants submit that they have demonstrated good faith compliance with their discovery obligations to the extent possible, and that Plaintiffs' request for sanctions is unwarranted and reflects a pattern of unreasonable demands.

Defendants acknowledge the Court's June 16, 2025, Order and the June 23, 2025, deadline. Immediately upon receiving the Order, Defendants' counsel proactively communicated with clients to ensure compliance. Recognizing the volume of handwritten notes and time required to compile, scan, and organize these materials, Defendants' counsel promptly requested a two-week extension on June 17, 2025, just one day after the Court's Order, to complete the production in good faith. Plaintiffs' counsel did not affirmatively object to the request but conditioned their consent on an unreasonable demand.

Contrary to Plaintiffs' mischaracterization, Defendants did not wait until "6:52 p.m." on the deadline day to request an extension. Rather, Defendants initiated the extension request nearly a week before the deadline and maintained consistent communication with Plaintiffs' counsel throughout this period. Plaintiffs' counsel, however, imposed unreasonable conditions on their consent since July 17, 2025, demanding confirmations beyond what Defendants' counsel could reasonably provide (e.g., confirming what her client would do) and making baseless threats of Court intervention despite our ongoing good-faith efforts to comply.

Despite Defendants' counsel confirming their ability to produce all documents by the requested July 7, 2025 deadline, Plaintiffs' counsel withheld consent and instead filed their motion for sanctions. This pattern of behavior suggests Plaintiffs' counsel is more interested in generating attorney's fees than facilitating discovery.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

Defendants have demonstrated substantial compliance with the Court's discovery orders. On May 29, 2025, Defendants produced over 700 pages of payroll records, including paystubs, and provided sworn certifications confirming the completion of production. Additionally, Defendants produced handwritten notes reflecting tip amounts up to September 2023. Throughout this process, Defendants have maintained transparent communication with Plaintiffs' counsel regarding the challenges associated with producing voluminous documents.

Defendants respectfully oppose Plaintiffs' request for sanctions under Fed. R. Civ. P. 37(a)(5)(A) and 37(b)(2)(C). The record clearly demonstrates Defendants' good faith efforts to comply with the Court's orders. Plaintiffs' allegations of non-compliance are unfounded, as Defendants have produced the majority of documents within their control and have confirmed their intention to produce any additional documents by July 7, 2025.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion for sanctions and grant Defendants a reasonable extension to produce any additional documents. Defendants remain committed to fulfilling their discovery obligations and cooperating with Plaintiffs to resolve this matter, despite the unreasonable demands and mischaracterizations by Plaintiffs' counsel.

We thank the Court for its time and continued attention to this matter.

Respectfully Submitted,

Seo Law Group, PLLC

By: _/s/ *Diana Seo*_
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)

The Court is in receipt of Plaintiffs' letter regarding Defendants' ongoing failure to comply with discovery deadlines (Dkt. #86), and Defendants' above response (Dkt. #87). The Court is dismayed by Defendants' continued failure to comply with discovery orders and Defendants' total disregard for the deadlines imposed by this Court.

The Court has generously granted multiple extensions of discovery deadlines in an effort to facilitate Defendants' compliance with its directives. (*See* Dkt. #64, 71, 74, 81; *see also* June 12, 2025 Minute Entry). Its patience has now worn thin and it finds it challenging to credit any of Defendants' representations. Accordingly, Defendants are hereby ORDERED to show cause in writing on or before **July 10, 2025**, as to why sanctions should not be imposed on Defendants and defense counsel, <u>up to and including the entry of a default judgment</u>, for their continued failure to comply with Court orders.

Given the recent procedural history, it is in Defendants' best interest, in addition to complying with the above directive, to immediately produce: (i) any daily and/or weekly tip breakdown sheets; (ii) any daily and/or weekly financial records of the amount of tips left by customers each day/week; and (iii) any other tip related records in Defendants' possession, custody, and/or control. (Dkt. #84 at 2). Moreover, while the Court has previously accepted defense counsel's representation that no additional documents reflecting tip information exist for the period of September 2023 to February 7, 2025, the Court now questions the accuracy of these statements. Should Defendants continue to insist that no such additional tip records exist for this period, they should state so in their July 10, 2025 submission. Even if the Court deems Defendants' explanation acceptable, it will consider ordering Defendants to identify all credit card processing companies used during the class period. It will also consider Plaintiffs' request to subpoena such companies. (Dkt. #84).

The Court also notes that earlier today, it received a letter from Plaintiffs' counsel regarding Defendants' alleged communication with class members. (Dkt. #88). Plaintiffs allege that Defendants' communications were intended to pressure class members to opt-out of the litigation. Moreover, in at least one instance, Defendants allegedly provided a class member with a monetary incentive to opt-out of the class. (*Id.*). While the Court will reserve judgment on this submission until Defendants have had the opportunity to respond, it notes that it views these allegations with the utmost seriousness. Impermissible communications with class members will not be tolerated.

Finally, the Court understands that there is a settlement conference scheduled for July 17, 2025, before Judge Gorenstein. It is the Court's hope that Defendants' act quickly to rectify the outstanding discovery issues, such that both parties can engage in good faith in a productive settlement conference. The Court will refrain from resolving the order to show cause outlined above until after the settlement conference.

The Clerk of Court is directed to terminate the pending motion at docket entry 86.

Dated:    June 26, 2025          SO ORDERED.
          New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE