

# Seo Law Group, PLLC

136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340
July 1, 2025

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

> Re:    **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
>         Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

    This office represents Defendants in the above-referenced matter. Pursuant to Your Honors Individual Rules (2)(C), I write to respectfully respond to Plaintiffs' letter dated June 26, 2025 (Dkt. No. 88) which alleges improper communications with class members and requests sanctions and other relief. Defendants deny the allegations and submit that Plaintiffs' claims are unsupported by the evidence and do not warrant the relief requested.

    Plaintiffs' allegations center on claims that Ms. Mia Swe, aka Mia Mia Swe (hereafter, "Ms. M.Swe"), a current employee of Sushi Katsuei, pressured class members Mr. Binoy Chakma and Mr. Jie Wei to opt out of the class action and offered improper incentives. These allegations are based on declarations submitted by Mr. Chakma and Mr. Wei, which are contradicted by Ms. M.Swe's sworn declaration as attached hereto as **Exhibit 1**.

    Ms. M.Swe's declaration, submitted under penalty of perjury, provides a detailed account of her interactions with Mr. Chakma and Mr. Wei. She categorically denies pressuring, coercing, or offering bribes to either individual. Specifically:

1. **Interaction with Mr. Binoy Chakma**:

    a. Ms. M.Swe states that she visited Mr. Chakma in Albany, New York, on June 10, 2025, after learning from a co-worker that he was unwell.

    b. During their meeting, Mr. Chakma expressed that he did not want to be involved in the case and voluntarily handed Ms. M.Swe a letter reflecting his intent to opt out.

    c. Ms. M.Swe denies providing any gift cards to Mr. Chakma.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

2. **Interaction with Mr. Jie Wei**:

    a. Ms. M.Swe states that she contacted Mr. Wei once via text message to inform him about the case.

    b. Ms. M.Swe denies pressuring Mr. Wei to opt out or making any improper statements. Mr. Wei informed Ms. M.Swe that he did not want to be involved in the case and would respond to Plaintiffs' counsel directly.

    c. Ms. M.Swe confirms that she did not repeatedly contact Mr. Wei or instruct others to do so on her behalf.

Ms. M.Swe further confirms that Defendants Aung Ko Win and Aye Aye Swe had no involvement in or knowledge of her communications with class members. They were unaware of the allegations until Plaintiffs' counsel raised them in the June 26, 2025, letter[1].

As such, Plaintiffs' request for sanctions, an evidentiary hearing, and an injunction is unwarranted and disproportionate. The allegations are based solely on declarations that are contradicted by Ms. M.Swe's sworn testimony, creating a factual dispute that cannot be resolved on the current record. Moreover, there is no evidence that the named Defendants directed, authorized, or were aware of the alleged conduct.

Defendants respectfully request that the Court deny Plaintiffs motion in its entirety. Should the Court determine that further inquiry is necessary, Defendants request that any relief be narrowly tailored to address the specific allegations while preserving the rights of Defendants and class members, including Ms. M.Swe.

We thank the Court for its attention to this matter.

Respectfully Submitted,

Seo Law Group, PLLC

By: _/s/ *Diana Seo*_____
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)

---

[1] Defendants, out of an abundance of caution, note to the Court that they will provide a comprehensive response to all matters raised in the Court's June 26, 2025 Order, including their position regarding the alleged communications with absent class members, by the July 10, 2025 deadline.