

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

July 8, 2025

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:  **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
    Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

     This office represents Defendants in the above-referenced matter. Pursuant to Your Honors Individual Rules (2)(C), I write in response to Plaintiffs letter dated July 3, 2025 (ECF No. 93), which alleges that any information Ms. Mya Swe had about Defendants potential exposure in this case could only have come from the Individual Defendants. Plaintiffs further attempt to draw a connection between the Individual Defendants and Ms. Swes alleged conduct in pressuring class members to opt out of this lawsuit. Defendants respectfully submit that these allegations are speculative, unsupported by evidence, and should be rejected by the Court.

     First of all, Plaintiffs' allegations are speculative and unsupported by evidence. Plaintiffs allege that Ms. Mya Swe pressured class members to opt out of the lawsuit and that her knowledge of the lawsuits potential value could only have come from the Individual Defendants.  However, Plaintiffs fail to provide any direct or circumstantial evidence linking Ms. Swe or the Individual Defendants to the alleged misconduct. Ms. Swe, in her sworn declaration, categorically denies pressuring, threatening, or coercing any class members to opt out. a copy of Ms. Mya Swe's Declaration is attached hereto as Exhibit 1. She further asserts that Mr. Khawng Set Tun acted independently and without her knowledge, authorization, or involvement. (See, Exhibit 1 ¶¶4,6,7). Plaintiffs' reliance on text messages from Mr. Tun is insufficient to establish any misconduct by Ms. Swe or the Individual Defendants, as these messages constitute inadmissible hearsay under the Federal Rules of Evidence. (See, Exhibit 1 ¶8) See,  USCS Fed Rules Civ Proc R 23; *Oconner v. Agilant Sols., Inc.*, 444 F. Supp. 3d 593.

     Second, there is no evidence of agency relationship between Ms. Swe and Mr. Tun. Under well-established legal principles, individuals are responsible only for their own conduct. Plaintiffs



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

have not demonstrated any agency relationship between Ms. Swe and Mr. Tun that would render her liable for his actions. Without evidence of agency, authority, or mutual intent, it is improper to impute Mr. Tuns conduct to Ms. Swe or the Individual Defendants. Courts have consistently held that communications by independent third parties cannot be attributed to defendants absent clear evidence of an agency relationship. See, *Oconner v. Agilant Sols., Inc*., 444 F. Supp. 3d 593; *Haider v. Lyft, Inc*., 2021 U.S. Dist. LEXIS 147975.

Third, Plaintiffs failed to establish improper communications here. Here, communications with potential opt-outs are impermissible only if they are coercive, misleading, or intended to improperly influence class members decisions under New York law. See, *Dodona I, LLC v. Goldman, Sachs & Co.*, 300 F.R.D. 182; *Shulman v. Becker & Poliakoff, LLP*, 2018 U.S. Dist. LEXIS 176841. In this case, Plaintiffs have not provided any evidence that Mr. Tuns communications with potential opt-outs were coercive or misleading. (Exhibit 1 ¶¶ 3,5,8,9,10). Instead, the text messages cited by Plaintiffs reflect Mr. Tuns personal opinions and attempts to encourage others to opt out, which do not rise to the level of improper conduct under New York law. See, *Oconner v. Agilant Sols., Inc*., 444 F. Supp. 3d 593; also see, *Haider v. Lyft, Inc.,* 2021 U.S. Dist. LEXIS 147975.

Moreover, Courts have discretion to restrict communications with class members but must base such restrictions on specific findings of need and narrowly tailor them to avoid infringing on First Amendment rights. Broad bans on communications are disfavored, and any restrictions must be supported by a clear record of abuse. See, *Id.* Here, Plaintiffs failed demonstrated any abuse or misconduct that would justify voiding the opt-out requests or imposing sanctions on Defendants. Absent evidence of coercion or misleading conduct, Mr. Tuns communications do not warrant judicial intervention.

Lastly, Plaintiffs request that the Court void the opt-out requests and impose corrective measures, citing cases such as *Romano v. SLS Residential, Inc.* and *Chime v. Peak Sec. Plus, Inc.*, but Plaintiffs' request to void opt-out requests is unwarranted. This is because these cases involved clear evidence of improper communications by Defendants or their agents, which is not present here. The text messages cited by Plaintiffs do not demonstrate coercion, threats, or misleading statements that would justify voiding the opt-out requests. Plaintiffs' reliance on these cases is therefore misplaced. See, § 3.01 Certification Is Crucial Step in Class Actions; *also see*, *Oconner v. Agilant Sols., Inc.*, 444 F. Supp. 3d 593.

As such, Defendants respectfully request that the Court reject Plaintiffs baseless allegations and deny their requests for corrective measures. Plaintiffs have failed to provide any evidence of improper conduct by Defendants or Ms. Swe, and their assumptions regarding Ms.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

Swe's knowledge are speculative and unsupported. Communications by an opted-out class member with potential opt-outs do not violate the law, and Plaintiffs have not demonstrated any abuse that would warrant judicial intervention.

We thank the Court for its attention to this matter.

Respectfully Submitted,

Seo Law Group, PLLC

By: __/s/ *Diana Seo*_____
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)

```
The Court is in receipt of Plaintiffs' letter regarding the alleged
communications between Defendants' agents and class members (Dkt. #93), as
well as Defendants' above response (Dkt. #94).  In light of the information
presented in Plaintiffs' letter, as well as their letter filed on June 26,
2025 (Dkt. #88), Plaintiffs' request for a hearing is hereby GRANTED.  The
Court will hold such a hearing on September 16, 2025, at 2:30 p.m.  The
hearing will take place in Courtroom 618 of the Thurgood Marshall United
States Courthouse, 40 Foley Square, New York, New York.

The Court also grants Plaintiffs' request for limited discovery in advance
of the hearing.  Accordingly, Defendants are instructed to abide by the
following:
```

- Defendant Swe ("A. Swe"), Defendant Win ("A. Win."), and their agents, including employees Maya Swe ("M. Swe") and Kawng Set Tun ("K. Tan"), are prohibited from communicating with class members about this lawsuit without the express permission from the Court;
- On or before **July 18, 2025,** A. Swe, A. Win, M. Swe, and K. Tun are instructed to provide Class Counsel with affidavits identifying every class members with whom they have discussed this lawsuit since it was certified on February 7, 2025;
- A. Swe, A. Win, M. Swe, and K. Tun are instructed to preserve all written communications including text messages, emails, and social media messages they have had with class members since February 7, 2025, and to produce them to Class Counsel on or before **July 25, 2025;**

- A. Swe, A. Win, M. Swe, and K. Tun are instructed to provide Class Counsel with all class members' phone numbers in their possession on or before **July 18, 2025**;
- M. Swe is instructed to turn over her call logs from May 1, 2025, to the present, to Class Counsel on or before **July 18, 2025**;
- A. Swe, A. Win, M. Swe, and K. Tun are ordered to appear at the hearing scheduled for **September 16, 2025.**

The Court once again emphasizes that it views Plaintiffs' allegations with the utmost seriousness. It expects Defendants and their agents to fully comply with the Court's orders.

The Clerk of Court is directed to terminate the pending motion at docket entry 93.

Dated:   July 9, 2025          SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE