

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

July 10, 2025

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:    <u>**Chakma, et al. v. Sushi Katsuei, Inc, et al.**</u>
          Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

    This office represents Defendants in the above-referenced matter. Defendants Sushi Katsuei, Inc. d/b/a Sushi Katsuei Park Slope, Royal Katsuei, Inc. d/b/a Sushi Katsuei West Village, Aye Aye Swe, and Aung Ko Win (collectively, "Defendants"), by and through the undersigned counsel, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, and hereby respectfully submit this response to the Court's Order to Show Cause dated June 26, 2025, as to why sanctions should not be imposed for alleged failure to comply with Court orders.

    Defendants respectfully submit that sanctions, particularly the severe sanction of default judgment, are not warranted in this case. While Defendants acknowledge the delays in document production, these delays do not rise to the level of willful misconduct or bad faith that would justify the imposition of sanctions under Rule 37. Rather, the record demonstrates Defendants' substantial compliance with discovery obligations and good faith efforts to produce all responsive documents within their possession, custody, and control.

**<u>Factual Backgrounds</u>**

    On May 22, 2025, this Court ordered Defendants "to produce all outstanding discovery no later than May 29, 2025, and to provide a sworn certification from all Defendants confirming that Defendants have produced all responsive classwide payroll documents in their possession, custody, and/or control."

    On May 29, 2025, Defendants produced over 700 pages of payroll records, including paystubs, and provided sworn certifications confirming the completion of production.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

On June 12, 2025, Plaintiffs filed a letter motion informing the Court that Defendants had not produced tip records, which Plaintiffs claimed were part of the "payroll documents" required by the Court's May 22, 2025 Order.

On June 16, 2025, the Court ordered Defendants to "produce all (i) daily and/or weekly tip breakdown sheets; (ii) daily and/or weekly financial records of the amounts of tips left by customers each day/week; and (iii) any other tip related records in Defendants' possession, custody, and/or control" by June 23, 2025.

On June 17, 2025, one day after receiving the Court's Order, Defendants' counsel proactively communicated with Plaintiffs' counsel to request a two-week extension to July 7, 2025, due to the volume of handwritten notes and time required to compile, scan, and organize these materials.

### Legal Argument

Defendants' counsel maintained communication with Plaintiffs' counsel throughout this period regarding the extension request. Also,. on June 23, 2025, Defendants' counsel confirmed to Plaintiffs' counsel that all documents would be produced by the requested July 7, 2025 deadline. On June 24, 2025, Plaintiffs filed another letter motion for sanctions, mischaracterizing Defendants' extension request as being made at "6:52 p.m." on the deadline day.

Throughout this process, Defendants' counsel has maintained transparent communication with both Plaintiffs' counsel and Defendants regarding discovery obligations and deadlines. Defendants' counsel has consistently advised their clients to produce the required documents on time, communicating with them via email, telephone, and in-person meetings, continuously advising them of the deadlines to produce all documents. Rule 37 of the Federal Rules of Civil Procedure provides for sanctions when a party fails to comply with discovery obligations or court orders. However, the imposition of sanctions, particularly the severe sanction of default judgment, requires a showing of willfulness, bad faith, or fault on the part of the disobedient party. USCS Fed Rules Civ Proc R 37.

The record in this case demonstrates that Defendants have made good faith efforts to comply with the Court's discovery orders. Defendants have already produced substantial documentation, including over 700 pages of payroll records. Any delays in production have been due to legitimate logistical challenges in compiling, scanning, and organizing voluminous handwritten records, not willful disobedience or bad faith.

The Court has broad discretion in determining appropriate sanctions for failure to comply with discovery orders, and such sanctions should be proportionate to the circumstances and conduct at issue. *See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007). Default judgment is an extreme sanction that should be imposed only in cases of egregious conduct where lesser sanctions would not suffice. USCS Fed Rules Civ Proc R 37. Courts consider several factors when determining whether default judgment is appropriate, including: (1) the



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

party's behavior; (2) the prejudice to the other party; (3) the amount of court involvement in discovery disputes; (4) the party's history of discovery violations; and (5) any explicit warnings that failure to produce could result in default judgment. Defendants submit that their conduct does not rise to the level warranting the severe sanction of default judgment, as they have demonstrated substantial compliance with the Court's orders and have maintained transparent communication regarding challenges associated with producing voluminous documents. *See, e.g., Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1068 (2d Cir. 1979).

Plaintiffs have not demonstrated substantial prejudice. The requested extension to July 7, 2025, represents a minimal delay that would not significantly impact the litigation timeline, particularly given that a settlement conference is scheduled for July 17, 2025. Moreover, Defendants have demonstrated good faith compliance. Under Rule 26(g), attorneys must certify that discovery responses are complete and correct to the best of their knowledge after reasonable inquiry. USCS Fed Rules Civ Proc R 26. Defendants' counsel has fulfilled this obligation by maintaining consistent communication with Defendants, promptly requesting extensions when necessary, and confirming the ability to produce all documents by the requested deadline.

Specifically, Defendants' counsel proactively requested a two-week extension to July 7, 2025, recognizing the volume of handwritten notes and time required to compile, scan, and organize these materials. Contrary to Plaintiffs' characterization, Defendants did not wait until the deadline day to request an extension but initiated the request nearly a week before the deadline and maintained consistent communication with Plaintiffs' counsel throughout this period. Despite Defendants' counsel confirming their ability to produce all documents by the requested July 7, 2025 deadline, Plaintiffs' counsel withheld consent and instead filed their motion for sanctions. In this case, Defendants' counsel took proactive steps to ensure compliance with the Court's orders, including advising the client to produce the documents on time, communicating with the client via email, telephone, and in-person meetings, and continuously reminding the client of the deadline to produce all documents. Despite these efforts, Defendants' counsel received the voluminous documents at the last minute and reasonably expected the client to provide the documents to counsel on time Counsel's and Defendants' communications between June 12, 2025, and July 7, 2025 via email, demonstrate counsel's diligent efforts to ensure compliance with the Court's orders [1]. Counsel promptly communicated the Court's June 16, 2025 Order to Defendants, requested an extension the very next day, and maintained regular follow-up communications to ensure timely production.

Additionally, here, lesser sanctions would be more appropriate if any sanctions are warranted. If the Court determines that some form of sanction is warranted, Rule 37 provides for a range of less severe options than default judgment. USCS Fed Rules Civ Proc R 37. These include: Payment of reasonable expenses, including attorney's fees, caused by the failure; Prohibiting the disobedient party from supporting or opposing designated claims or defenses; Striking pleadings in whole or in part; or Staying further proceedings until the order is obeyed.

---

[1] Defendants' Counsel is able and willing to provide the actual email communication to the court if requested.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

The Court also has inherent authority to enforce its scheduling orders and impose appropriate sanctions pursuant to Federal Rule of Civil Procedure 16(f), which must be exercised in light of the totality of the circumstances. See Fed. R. Civ. P. 16(f). In this case, Defendants have demonstrated substantial compliance and good-faith efforts to meet the Court's deadlines, as detailed in the affidavit of Defendant Ms. Aye-Aye Swe as attached here as Exhibit 1.. These efforts reflect a sincere intent to comply with the Court's orders and applicable law. Accordingly, any sanctions imposed should be proportionate to the nature and extent of the alleged misconduct. Under the present circumstances, the extreme remedy of a default judgment would be unjust and grossly disproportionate.

For the foregoing reasons, Defendants respectfully request that the Court decline to impose sanctions, particularly the extreme sanction of default judgment. Defendants remain committed to fulfilling their discovery obligations and cooperating with Plaintiffs to resolve this matter efficiently.

WHEREFORE, Defendants respectfully request that this Court:

1. Find that sanctions up to and including default judgment are not warranted under the circumstances;
2. Accept Defendants' all remaining production of documents, *for the last chance*, within 30 day;
3. If the Court deems sanctions appropriate, impose less severe sanctions than default judgment; and,
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

We thank the Court for its attention to this matter.

Respectfully Submitted,

Seo Law Group, PLLC

By:__/s/ *Diana Seo*_____
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)