# JOSEPH & KIRSCHENBAUM LLP
### ATTORNEYS

July 15, 2025

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
U.S. District Court
Southern District of New York
40 Foley Square New York, NY 10007



Re:  *Chakma, et al, v. Sushi Katsuei Inc. et al.* 23-cv-8704 7804 (KPF)

Dear Judge Failla:

    We are class counsel in the above-referenced matter.  We write in response to Defendants' July 14, 2025 letter to request that Defendants be sanctioned for their (a) utter disregard of this Court's Orders, (b) failure to produce all discovery ordered by the Court, and (c) lack of candor when repeatedly submitting erroneous authority to the Court, which was almost certainly the result of using artificial intelligence to draft their last three letters to the Court, as explained below. We understand that the Court planned to refrain from resolving the issues leading up to Defendants' July 14, 2025 letter until after the July 17, 2025 settlement conference in this matter.  ECF No. 89. However, given Defendants' admission that they have still not produced all outstanding payroll records despite multiple Court Orders to do so and Plaintiffs' entitlement to those records as soon as possible, we believe this issue necessitates the Court's immediate attention.

    A.    **Relevant History**

    On May 22, 2025, the Court Ordered Defendants "to provide [by May 29, 2025] a sworn certification from all Defendants confirming that Defendants have produced all responsive classwide payroll documents in their possession, custody, and/or control."  ECF No. 74. Defendants failed to provide certifications that complied with this Order, *i.e.*, to provide statements that certified that *all Defendants* produced *all classwide payroll records* in their possession, custody, and/or control.  After attempting to rectify this matter through meeting and conferring with Defendants, class counsel wrote the Court on June 12, 2025 outlining the deficiencies in Defendants' production and noting their failure to produce the required sworn certifications.

    The Court held a Conference on June 12, 2025.  On June 16, 2025, the Court Ordered that: "Defendants are ORDERED to produce any additional documents, to the extent such documents exist, on or before June 23, 2025. Defendants are also ORDERED to revise their certifications, on or before June 23, 2025, to indicate that they have produced all payroll/tip records and not merely paychecks."  ECF No. 81.   On June 24, 2025, Plaintiff wrote the Court to address Defendants' complete failure to comply with the Order, specifically their failure to complete their production of responsive discovery and to provide certifications to show Defendants' full compliance with their discovery obligations and the Court's June 26, 2025 Order.  ECF. No. 89.  On June 26, 2025, the Court Ordered Defendants to "to show cause in writing on or before July 10, 2025, as to why

1

sanctions should not be imposed on Defendants and defense counsel, up to and including the entry of a default judgment, for their continued failure to comply with Court orders." ECF No. 89.

On July 10, 2025, Defendants' Counsel submitted a letter to the Court, ECF No. 97, followed by a declaration of Aye Aye Swe submitted on July 14, 2025. ECF No. 100. Remarkably, the submissions *admit* that Defendants are not in compliance with their discovery obligations, as they ask for an additional 30 days to complete their production *despite purportedly certifying in May that they had produced all relevant information*. More egregiously, Defendants do not even bother to clarify to the Court what part of the previously outstanding documents they produced and what remains to be produced. To be sure, during the parties' telephonic meet and confer on July 8, 2025, Defendants' counsel was also unable to state with specificity what part of the previously outstanding documents remains to be produced. In a particular display of *chutzpah,* Defendant Swe submitted a declaration describing her very busy schedule and her "inability" to comply with her own and Sushi Katsuei, Inc.'s discovery obligations and asked the Court for yet another extension of the discovery deadlines. However, (a) no sworn statement at all was submitted even remotely discussing Defendant Royal Katsuei Inc.'s and Defendant Aung Ko Win's discovery obligations and lack of compliance with them, and (b) even with respect to her own obligations, Defendant Swe does not bother to explain what was produced and what is missing. Significantly, last week, Defendants finally produced a handful of end of night sales reports that Defense counsel had previously represented to the Court as not existing. *See* ECF No. 81. Additionally, Defendants' July 10, 2025 letter request violates this Court's **explicit instruction** to Defendants' Counsel that it "expects Defendants to submit any future extension requests in this litigation before the relevant deadline has passed." ECF No. 64. The above pattern illustrates that Defendants simply do not care about the Court's Orders or the federal/local rules, nor do they have the common decency to keep Plaintiffs abreast of the state of discovery (such as what outstanding documents to expect) so that class counsel can plan accordingly.

  **B.**  **Defendants' Citation of Patently Incorrect Authority to this Court**

In their letter dated July 10, 2025, ECF No. 97, Defendants' primary argument against being sanctioned by default is:

> Defendants submit that their conduct does not rise to the level warranting the severe sanction of default judgment, as they have demonstrated substantial compliance with the Court's orders and have maintained transparent communication regarding challenges associated with producing voluminous documents. *See, e.g., Cine Forty- Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1068 (2d Cir. 1979).

Upon reviewing *Cine Forty-Second Street Theatre Corp.*—one of only two cases cited by Defendants in their letter—class counsel were surprised to find that it does not discuss (a) substantial compliance or (b) maintaining transparent communications as reasons for avoiding sanctions. In fact, the case does not address either of those two points at all. What the case *does* hold is that a finding of willfulness is not necessary for a default sanction, where, as here, a defendant was grossly negligent in responding to discovery after multiple warnings by the Court. 602 F.2d at 1068 ("[W]here gross professional negligence has been found that is, where counsel

# JOSEPH & KIRSCHENBAUM LLP
### ATTORNEYS

clearly should have understood his duty to the court the full range of sanctions may be marshalled. Indeed, in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where, as in this case, they are clearly warranted.").

Given this egregious misrepresentation, the undersigned plugged the entire text of Defendants' June 10, 2025 letter into https://askgpt.app/ai-detector, a website that detects the likelihood that a text was generated by AI. Lo and behold, the detector stated that letter had an 86% chance of being predominantly AI generated.[1] To see if this was a pattern, Plaintiff then submitted the text of Defendants' July 8, 2025 and July 1, 2025 letters, which respectively initiated an 82% chance and a 100% chance (!) of being predominantly AI generated. Not surprisingly, the July 8 letter also contained blatantly false citations to authority, as set forth below (the July 1 letter does not contain any citations).

In Defendants' July 8, 2025 letter to the Court regarding interference with the class notice process, they state:

> Plaintiffs' reliance on text messages from Mr. Tun is insufficient to establish any misconduct by Ms. Swe or the Individual Defendants, as these messages constitute inadmissible hearsay under the Federal Rules of Evidence. (See, Exhibit 1 ¶8) See, USCS Fed Rules Civ Proc R 23; *Oconner v. Agilant Sols., Inc.* 444 F. Supp. 3d 593.

However, Fed. R. Civ. P. 23 does not *at all* discuss hearsay or address any insufficiency of evidence to establish misconduct, as even a first-year law student could identify. Nor does *Oconner v. Agilant Solutions, Inc.*, which in fact granted relief against an interfering defendant.

Defendants' July 8, 2025 letter continues:

> Without evidence of agency, authority, or mutual intent, it is improper to impute Mr. Tuns [sic] conduct to Ms. Swe or the Individual Defendants. Courts have

---

[1] The attached is a screenshot of Plaintiffs' search:



## JOSEPH & KIRSCHENBAUM LLP
### ATTORNEYS

consistently held that communications by independent third parties cannot be attributed to defendants absent clear evidence of an agency relationship. See, Oconner v. Agilant Sols., Inc., 444 F. Supp. 3d 593; Haider v. Lyft, Inc., 2021 U.S. Dist. LEXIS 147975.

Again, neither *Oconner* or *Haider* **even remotely** discuss agency law or third party communications. Rather, those cases were about plaintiffs' challenges to arbitration agreements that were rolled out or altered during the pendency of collective/class actions.

Most egregiously, Defendants' July 8, 2025 cites seemingly nonexistent authority:

The text messages cited by Plaintiffs do not demonstrate coercion, threats, or misleading statements that would justify voiding the opt-out requests. Plaintiffs' reliance on these cases is therefore misplaced. See, § 3.01 Certification Is Crucial Step In Class Actions; *also see*, *Oconner v. Agilant Sols., Inc.*, 444 F. Supp. 3d 593.

Specifically, class counsel have been unable to identify any actual authority that corresponds to "§ 3.01 Certification Is Crucial Step in Class Actions." Thus, it appears likely that that citation is an AI hallucination. *See Benjamin v. Costco Wholesale Corp.*, No. 24 CV 7399, 2025 U.S. Dist. LEXIS 78895, at *2 (E.D.N.Y. Apr. 24, 2025).

To sum up and put things in perspective, in response to serious allegations of egregious misconduct and Order to show cause as to why Defendants should not be sanctioned, Defendants' counsel seemingly plugged something into an AI legal letter generator and *did not even bother to check that the authority cited actually stood for what she used it for.* Defendants' counsel simply has no respect for this Court, her adversaries, the practice of law or her professional duty of candor.

### 3.     **Requested Relief**

As a result of the foregoing, Plaintiffs respectfully request the Court Order the following relief:

- For each day until all Defendants complete their ordered discovery production and certify their full compliance, require Defendants to pay a daily monetary sanction large enough to ensure compliance. *See Argudo v. Parea Group LLC*, No. 18 CV 00678 (S.D.N.Y. Oct. 17, 2019) (ECF. No. 130) ("Defendants knew then what it would take to comply with the Court's Orders, and their claim that they now need another week therefore rings hollow... For each day (including the weekend) that they fail to do so, they shall pay $1000 to Plaintiffs as a sanction."); *Bricklayers Ins. & Welfare Fund v. P.P.L. Constr. Servs. Corp.*, No. 12 CV 3940, 2016 U.S. Dist. LEXIS 45265, at *23-24 (E.D.N.Y. Mar. 31, 2016) (authorizing a $250 daily fine for failure to comply with discovery order).

- Defendants shall pay all attorneys' fees incurred by Plaintiffs in opposing Defendants' dilatory behavior. Plaintiffs would make such motion after

JOSEPH & KIRSCHENBAUM LLP

ATTORNEYS

Defendants (finally) submit their certification of compliance and Plaintiffs' counsel is done pursuing this matter. The presumptively reasonable fee award under Rule 37 is the reasonable hourly rate times the number of hours reasonably expended. *Local 3621, EMS Officers Union v. City of N.Y.*, No. 18 CV 4476, 2022 U.S. Dist. LEXIS 50226, at *8 (S.D.N.Y. Mar. 21, 2022).

- Impose any other sanctions the Court deems appropriate to address Defendants' counsel's egregious lack of candor. *See*, *e.g.*, *Gurpreet Kaur v Desso*, No. 25 CV 726, 2025 U.S. Dist. LEXIS 129902 (N.D.N.Y. July 9, 2025) (sanctioning attorney for relying on faulty AI generated citations); *Mata v Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023) (same).

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   /s/*D. Maimon Kirschenbaum*
 D. Maimon Kirschenbaum


cc: All Counsel of Record (via ECF)

The Court is in receipt of Defendants' response to the Court's order to show cause in writing as to why sanctions, up to and including the entry of default judgment, should not be imposed. (Dkt. #96). The Court is also in receipt of Plaintiffs' letter outlining the many issues that continue to be outstanding in this case. (Dkt. #101).

The Court shares Plaintiffs' outrage at Defendants' continued disregard for this Court's instructions. However, the Court believes that they many issues presented by this case are best addressed in their totality at the already scheduled conference for September 16, 2025. Accordingly, the parties should be prepared to discuss the following topics at the September 16, 2025 hearing: (i) Defendants' alleged communications with class members; (ii) Defendants' alleged failure to comply with discovery orders; and (iii) Defendants' alleged misrepresentations of the case law.

The Court reiterates that Defendants are expected to comply with their discovery obligations. Defendants are instructed to carefully comply with the Court's July 9, 2025 order, which outlined the additional discovery granted in advance of the September 16, 2025 hearing. (Dkt. #95). Defendants are also instructed (yet again) to produce any tip related records in Defendants' possession, custody, and/or control. (Dkt. #74, 81, 89). The production of these records is long overdue, and the Court is not at all persuaded by Defendants' attempts to justify their delay.

The Clerk of Court is directed to terminate the pending motions at docket entries 96 and 101.

Dated:     July 18, 2025
           New York, New York

SO ORDERED.

*Katherine Polk Failla* (signature)

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE