

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

August 8, 2025

**VIA ECF**
Hon. Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:    **Chakma, et al. v. Sushi Katsuei, Inc, et al.**
            Case No. 1:23-cv-07804-KPF

Dear Judge Failla:

      This office represents Defendants in the above-referenced matter. I write in response to Plaintiffs' letter dated August 4, 2025 (Dkt. No. 106), which requests a Court conference regarding Defendants' alleged non-compliance with the Court's July 9, 2025 Order.

      Pursuant to the Court's July 9, 2025 Order, Defendants Aung Ko Win ("Mr. Win") and Aye Aye Swe ("Ms. A. Swe") were required to provide affidavits identifying each class member with whom they discussed this lawsuit since class certification, along with the class members' phone numbers in Defendants' possession, by July 18, 2025; preserve and produce all written communications with class members by July 25, 2025; and (appear at the hearing scheduled for September 16, 2025. (Dkt. No. 95).

      Additionally, the Court granted Plaintiffs' request to require two non-party individuals, Ms. Maya Swe ("Ms. M. Swe") and Mr. Kwang Tun ("Mr. Tun"), to provide affidavits identifying class members they discussed the lawsuit with, including the class members' contact information; produce all written communications with class members; and, as to Ms. M. Swe, produce her call logs from May 1, 2025 to the present, all by July 18, 2025. (Id.).

      Defendants have fully complied with the Court's Order. Mr. Win and Ms. A. Swe provided affidavits containing the required information, including class members' contact information that are in their possession. Nevertheless, Plaintiffs have speculated, without any valid basis, that because "at a minimum, K. Tun exchanged text messages with class member Jie Wei," none of the Defendants produced written communications with class members. (See Dkt. No. 106). This



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

assumption is unfounded and appears intended only to burden Defendants mentally, physically, and financially.

With respect to the production of "all written communications that the non-party individuals have had with class members," Defendants state that they did not produce such communications because they were not in Defendants' possession. Defendants diligently conveyed the Court's directives to the non-parties and urged their compliance, despite having no control over them and absent any subpoenas compelling production.

Defendants and their counsel have acted in good faith to comply with all Court directives despite limited resources and significant personal obligations. Counsel acknowledges that certain filings, such as the Order to Show Cause, may not have been as polished and/or thoroughly reviewed as intended. However, over the past several months, Counsel has become a witness in multiple criminal cases prosecuted by the District Attorney's Office, has been subject to three orders of protection, and has faced substantial personal hardship. At no time did Counsel intend, nor has she ever attempted, to misrepresent anything to the Court. Despite these challenges, Defendants and Counsel have remained committed to producing all documents, information, and affidavits requested by Plaintiffs' Counsel and the Court.

As the Court is aware, Plaintiffs requested that non-party Ms. M. Swe produce her "call logs" from May 1, 2024 to the present. While Counsel cannot speak on behalf of the non-parties, it is respectfully submitted that Defendants should not be penalized for the actions of independent, non-party adults outside their control. Moreover, Plaintiffs' demand for Ms. M. Swe's complete call logs, which may contain records of communications with unrelated individuals, is overbroad and improper, even absent a subpoena. *See*, M*orocho v. Stars Jewelry by The A Jeweler Corp.*, 345 F.R.D. 292 (S.D.N.Y. 2024) (holding that a request for all phone records over an extended period is inherently overbroad and impermissible).

Accordingly, Defendants respectfully request that the Court advise Plaintiffs to refrain from making further accusations based on speculative assumptions, such as the notion that Mr. Tun's text message exchange with a class member indicates Defendants' non-compliance, when in fact Defendants have fully produced the affidavits and any responsive documents in their possession, and have no obligation to produce documents that do not exist or are not in their possession.

We thank the Court for its time and continued attention to this matter.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

Respectfully Submitted,

Seo Law Group, PLLC

By: _/s/ Diana Seo_
Diana Y. Seo, Esq.
*Attorneys for Defendants*

cc: All counsel of record (via ECF)